IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN S. MISSANELLI, D.O.,               :
                                        :
                    Plaintiff,          :
                                        :        No.
            v.                          :
                                        :
LEHIGH VALLEY HEALTH NETWORK,           :
                                        :        JURY TRIAL DEMANDED
                    Defendant.          :

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

AND NOW, comes Defendant, Lehigh Valley Health Network, by and through their undersigned counsel and files this Notice of Removal from the Court of Common Pleas of Lehigh County, Pennsylvania for the following reasons:

1.      Plaintiff, John S. Missanelli, D.O., is an adult individual with an address of 8810 Wainwright Road, Montgomery County, Wyndmoor, Pennsylvania 19038.

2.      Defendant, Lehigh Valley Health Network is a fictious entity registered to Jefferson Health Corporation with its principal address located at Cedar Crest Boulevard & I-78, Allentown, Lehigh County, Pennsylvania 18105.

3.      Plaintiff commenced this action by filing a document titled "Notice to Defend." Pennsylvania law does not recognize a "Notice to Defend" as a method for initiating a civil action. *See*, Pa. R.C.P. 1007. Further, Plaintiff never served Defendant with the "Notice to Defend." A copy of the "Notice to Defend" is attached hereto, marked as Exhibit A and incorporated herein by reference.

4.      On September 26, 2025, Plaintiff filed a letter with the Lehigh County Clerk along with two (2) Motions. A copy of the letter and two (2) Motions are attached hereto,

marked as Exhibit B and incorporated herein by reference.  Plaintiff failed to serve the letter or Motions on Defendant.

5.      On October 23, 2025 and November 24, 2025, the Lehigh County Court denied Plaintiff's Motions for failure of service.  A copy of the Court Orders are attached hereto, marked as Exhibit C and incorporated herein by reference.

6.      A hearing was held on January 12, 2026, as to whether the trial judge should recuse himself from the matter.  By Order dated January 21, 2026, the trial judge determined that he did not need to disqualify himself from the case.  A copy of the January 21, 2026 Order is attached hereto, marked as Exhibit D and incorporated herein by reference.

7.      On January 25, 2026, Plaintiff filed a Certificate of Merit.  It is unclear why Plaintiff filed a Certificate of Merit in the within employment related matter.  Regardless, Plaintiff failed to serve the Certificate of Merit upon Defendant.  A copy of the Certificate of Merit is attached hereto, marked as Exhibit E and incorporated herein by reference.

8.      On February 9, 2026, Plaintiff for the first time in the within action filed a Complaint.

9.      Plaintiff's Complaint contained purported causes of action for violations of the Family and Medical Leave Act (29 U.S.C. § 2601, *et seq.*), the Americans with Disabilities Act (42 U.S.C. § 12101, *et seq.*), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2), and violation of the Fourteenth Amendment to the United States Constitution.  A copy of Plaintiff's Complaint is attached hereto, marked as Exhibit F and incorporated herein by reference.

10.    Plaintiff served a copy of the Complaint by email upon the undersigned counsel for Defendant on February 9, 2026.

11.    Additionally, on February 6, 2026, Plaintiff filed a series of Motions with the Lehigh County Court.  A copy of Plaintiff's Motions are attached hereto, marked as Exhibit G and incorporated herein by reference.

12.    On February 23, 2026, Defendant responded to Plaintiff's series of Motions. A copy of Defendant's responses are attached hereto, marked as Exhibit H and incorporated herein by reference.

13.    A copy of the Lehigh County Docket is attached hereto, marked as Exhibit I and incorporated herein by reference.

14.    Plaintiff's Complaint, for the first time in the within litigation raised a claim brought under federal law.

15.    Plaintiff's Complaint, for the first time, attempted to serve process on Defendant Lehigh Valley Health Network even though done improperly.

16.    Plaintiff's Complaint arises out of claims for discrimination and unlawful termination.  A copy of all process, pleadings and orders not otherwise attached hereto, are marked as Exhibit J and incorporated herein by reference.

17.    This Honorable Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§1331 and 1343.

18.    To the extent Plaintiff is raising claims under state law, this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

19.    Plaintiff's Complaint, which for the first time brought claims under federal law pursuant to the FMLA, the ADA, Title VII and the Fourteenth Amendment of the United States Constitution constitutes "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

20.    Defendant's Notice of Removal is timely filed as it was filed within thirty (30) days from the filing of the Complaint and service of the Complaint, which was the first time it could be ascertainable that the case is one which is or has become removable.

WHEREFORE, Defendant Lehigh Valley Health Network respectfully removes this matter to the United States District Court for the Eastern District of Pennsylvania.

HOFFMAN & HLAVAC

By:_ *s/ Steven E. Hoffman*_____
    Steven E. Hoffman, Esquire
    Attorney ID # 63911
    1605 N. Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002
    Ph# 484-408-6001 Fax# 484-408-6018
    shoffman@hhe-law.com
    *Attorneys for Defendant*

# EXHIBIT "A"

FILED 9/26/2025 3:25 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/DV

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

**JOHN S. MISSANELLI, D.O.**
8810 Wainwright Road
Wyndmoor, PA 19038
jmissanelligrob@aol.com
Plaintiff,

v.

**LEHIGH VALLEY HEALTH NETWORK**
c/o Svetlana Ros, Esquire                                    2025-C-3928
Department of Legal Services
Three City Center
515 West Hamilton Street, Suite 200
Allentown, PA 18101
lana.ros@jefferson.edu
Defendant.

**Case Caption:** Employment Dispute
**Docket No.:** 2025-C-3928 _____

**COMPLAINT – CIVIL ACTION**
**Filed: September 25, 2025**

**NOTICE TO DEFEND**

You have been sued in court. If you wish to defend against the claims set forth in this complaint, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

1

515 West Hamilton Street, Suite 200

Allentown, PA 18101

Commanding the production of the following documents:

All written patient evaluations, letters, emails, feedback forms, or narratives voluntarily authored by patients following office visits with **John S. Missanelli, D.O.** These documents are external to the medical records and were not created by or for any peer review committees.

These documents shall be produced and delivered by **United States Postal Service** to:

**John S. Missanelli, D.O.**

8810 Wainwright Road

Wyndmoor, PA 19038

No later than **October 6, 2025 at 5:00 P.M. Eastern Time.**

Respectfully submitted,

**John S. Missanelli, D.O.**

8810 Wainwright Road

Wyndmoor, PA 19038

jmissanelligrob@aol.com

**Pro Se Plaintiff**

Date: Sept. 25, 2025

# EXHIBIT "B"

FILED 9/26/2025 3:25 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/DV

**John S. Missanelli, D.O.**
Wyndmoor, PA, USA
Phone: 267-368-2292
Email: jmissanelligrob@aol.com                               2025-C-3928
Date: September 25, 2025

**Clerk of Judicial Records**
Lehigh County Courthouse – Civil Division
455 West Hamilton Street
Allentown, PA 18101

Dear Clerk of Judicial Records,

I am writing to formally submit documentation related to a civil matter pending before the
Lehigh County Court of Common Pleas. Please find enclosed the materials for filing,
prepared in accordance with the Pennsylvania Rules of Civil Procedure and the local
requirements of the Civil Division.

As a retired physician now engaged in legal advocacy and strategic litigation, I am
committed to ensuring that all filings are procedurally sound and timely. Should any
additional forms, fees, or clarifications be required, I am available by phone or email and
will respond promptly.

Thank you for your attention to this matter and for your continued service to the citizens of
Lehigh County.

Respectfully,

John S. Missanelli

**John S. Missanelli, D.O.**

FILED 9/26/2025 3:29 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/DV

**IN THE COURT OF COMMON PLEAS OF [COUNTY] COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

JOHN S. MISSANELLI, D.O.,
Plaintiff,
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
v.
LEHIGH VALLEY HEALTH NETWORK, et al.
C/O ~~Lana Ross, Esquire~~  Svetlana, Ros, Esquile
Department of Legal Services
Three City Center
515West Hamilton Street
Suite 200
Allentown, PA 18101
484-862-4695
Lana.ros@jefferson.edu
Defendants.

2025-C-3928
**Case No.: [Insert Case Number]**

MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND WITNESS TESTIMONY

AND NOW comes Plaintiff, Dr. John S. Missanelli, by and through his undersigned counsel, and respectfully moves this Honorable Court to compel Defendants to produce specific documents and to permit the testimony of a key witness in the pending Appellate Review. In support thereof, Plaintiff avers as follows:

I. INTRODUCTION

This motion arises from Defendants' failure to produce critical evidence and permit relevant testimony necessary for a fair and complete adjudication of Plaintiff's claims arising from discriminatory employment practices and procedural irregularities during the Fair Hearing and subsequent Appellate Review.

II. REQUESTED RELIEF

Plaintiff respectfully requests that the Court compel Defendants to:

FILED 9/26/2025 3:29 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/DV

1. **Produce all voluntarily written patient evaluations of Dr. John S. Missanelli** generated during his tenure at Lehigh Valley Health Network, including but not limited to anonymous and signed feedback submitted through hospital channels, patient satisfaction surveys, and internal commendations.

2. **Produce affidavits or signed statements from the physicians present at the Fair Hearing—Dr. David O'Gurek, Dr. Deborah Sundlof, and Dr. Kevin Weaver—** attesting to their agreement or disagreement with the final judgment rendered by the Fair Hearing Committee and clarifying their individual positions on the findings and recommendations.

3. **Produce a complete copy of all emails sent and received by Dr. Missanelli** during the entirety of his employment with Lehigh Valley Health Network, including internal communications, correspondence with patients, administrative directives, and any messages relevant to performance evaluations, disciplinary actions, or procedural matters.

4. **Permit the testimony of Jennifer Kaplan** at the Appellate Review, whose firsthand knowledge of procedural conduct, internal communications, and relevant events is essential to the integrity of the review process and the Plaintiff's ability to present a complete record.

III. LEGAL BASIS

Plaintiff is entitled to discovery of all non-privileged, relevant information under Pa.R.C.P. 4003.1 and 4009.1 et seq. The requested materials and testimony are directly probative of Plaintiff's claims of age discrimination, procedural bias, and retaliatory conduct. Defendants' continued refusal to produce these items obstructs Plaintiff's ability to prepare his case and undermines the fairness of the proceedings.

IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order compelling Defendants to produce the requested documents and permit the testimony of Jennifer Kaplan at the Appellate Review and grant such other relief as may be just and proper.

Respectfully submitted,

John S. Missanelli, D.O
8810 Wainwright Road, Wyndmoor, PA 19038,267-368-2292,jmissanelligrob@aol.com

FILED 9/26/2025 3:29 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/DV

## IN THE COURT OF COMMON PLEAS OF [COUNTY] COUNTY, PENNSYLVANIA

John S. Missanelli D.O., Plaintiff
8810 Wainwright Road
Wyndmoor, PA 19038
267-368-2292
jmissanelligrob@aol.com

v.    Lehigh Valley Health Network
LVHN, Defendant
C/O Svetlana Ros, Esquire
Department of Legal Services
Three City Center
515 West Hamilton, Street, Suite 200
Allentown, PA 18101
Lana.ross@jefferson.edu

Civil Action – Law
No. [Docket Number]    2025-C-3928

## PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DEFENDANT'S  EXPERT WITNESS

Plaintiff respectfully moves this Honorable Court for an Order excluding the testimony of Defendant's proposed expert witness, Dr. Melka, pursuant to Pennsylvania Rule of Evidence 702 and controlling case law, and in support thereof states as follows:

### I. INTRODUCTION

Defendant has identified Dr. Melka as an expert witness who testified regarding as to care rendered by D,Missanelli as a Per Diem employed physician resulting in a Precautionary Suspension of practice privileges with potential permanent suspension from employment , in regard to standard of care, causation, damages. However, Dr. Melka lacks the requisite qualifications, experience, and methodological reliability to offer expert testimony under Pennsylvania law. Her opinions are based primarily on generalized peer-reviewed literature rather than any specialized knowledge, skill, or experience relevant to the facts of this case.

### II. LEGAL STANDARD

Under Pa.R.E. 702, expert testimony is admissible only if the witness is qualified "by knowledge, skill, experience, training, or education" and if the testimony is based on a reliable methodology that will assist the trier of fact. Pennsylvania courts apply the *Frye* standard to assess whether the expert's methodology is generally accepted in the relevant scientific community (*Grady v. Frito-Lay, Inc.*, 576 Pa. 546, 840 A.2d 522 (2004)).

1

FILED 9/26/2025 3:29 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/DV

Dr. Melka is solely a Maternal Fetal Medicine subspecialist who has completed a general OB-GYN residency and a Maternal Fetal Medicine Fellowship but has not practiced gynecology since her residency and **does not qualify as an expert under Pa. R.E. 702 and McDaniel v Meck**, 366 A 2d 328 )Pa. Super. CT. 1976), especially as she refers to in her testimony **concerning standards of care, clinical judgement, or expertise in GYN procedures.**

Dr Melka, as a Maternal Fetal Medicine practitioner does not practice gynecology and does not possess the specialized knowledge, skill, and experience of a physician who does practice Gynecology. Her false presentation as an expert in Gynecology is relevant to this subject matter as each of the patients in which she gives a clinical evaluation of the care and treatment by Dr.Missanelli, and upon which she gives testimony ( as every case is Gynecology), is an unreliable opinion. In a rebuttal of Dr. Melka's case reviews there are included counter-expert opinions where Gynecology experts od clinical and academic expertise have proven her opinions to be inappropriate, predatory, and unsound,

**Case Law Support**

**Miller v. Brass Rail Tavern**, 664 A. 2d 523 (Pa. 1995): Expert must possess "reasonable pretention to specialized knowledge in the relevant field."
**Grady v, Frito-Lay**, 839 A. 2d 1038 (Pa. 2003): Expert must apply methodology that is generally accepted in the relevant discipline.
**Freed v. Geisinger Medical Center, 910 A. 2d 68 (Pa. 2006):  Expert must be qualified in the specific area of medicine at issue.**

**III. ARGUMENT**

**A. Dr. Melka Is Not Qualified to Testify on the Relevant Issues**

- Dr Melka lacks clinical, academic, or professional experience in Gynecology.

- His curriculum vitae reveals no publications, certifications, or practical engagement with the subject matter at issue.

- He has never testified in court on this topic and has not demonstrated familiarity with Pennsylvania standards of care or legal causation.

**B. Reliance on Peer-Reviewed Literature Alone Is Insufficient**

- The expert's opinions are derived from generalized peer-reviewed articles, not from case-specific analysis or accepted methodologies.

2

FILED 9/26/2025 3:29 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/DV

- Courts have consistently held that reliance on literature without application to the facts of the case is speculative and inadmissible (*Betz v. Pneumo Abex LLC*, 615 Pa. 504, 44 A.3d 27 (2012)).

## C. The Testimony Will Not Assist the Trier of Fact

- The proposed testimony offers abstract generalizations rather than case-specific insights.
- It risks confusing the jury and prejudicing Plaintiff by cloaking inadmissible speculation in the guise of scientific authority.

## IV. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order precluding Dr. Melka from offering any testimony at trial, to strike her testimony in the Peer Review valuations of care and treatment of patients seen by Dr. Missanelli, and for such other relief as the Court deems just and proper.

Respectfully submitted,
John S. Missanelli, D.O.
8810 Wainwright Road, Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com

3

# EXHIBIT "C"

FILED 10/23/2025 9:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JW

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| JOHN S. MISSANELLI, D.O., | : | NO.: 2025-C-3928 |
| | : | |
| Plaintiff | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **ASSIGNED TO:** |
| LEHIGH VALLEY HEALTH NETWORK, | : | **Honorable J. Brian Johnson** |
| | : | |
| Defendant | : | |

## O R D E R

AND NOW, this 2𝑛𝑑 day of _Oct_ , 2025, upon consideration of the Motion To

Compel Production Of Documents And Witness Testimony filed by Plaintiff on September 26,

2025 ("Motion");

**IT IS ORDERED** that the Motion is DISMISSED without prejudice.[1]

BY THE COURT:

J. Brian Johnson, P.J.

---

[1] No Certificate of Service was filed and, therefore, it is unknown whether Defendant received proper notice of the subject motion.

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2025-C-3928                    Contract Employment Dispute - Discrimination

John S Missanelli
- VS -
Lehigh Valley Health Network

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
10/23/2025.

## 236 NOTICE

Pursuant to Pa.R.C.P. § 236, notice is hereby given that an order, decree, or judgment in

the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE: All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

Lehigh Valley Health
Network

C/O Svetelana Ross Esquire
Department of Legal
Services
Three Center City
515 West Hamilton Street
Suite 200
Allentown PA 18101

John S Missanelli          jmissanelligrob@aol.com        8810 Wainwright Road
                                                          Wyndmoor PA 19038

5

CV15a

FILED 11/24/2025 2:28 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/MG

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
### CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,           :
                                    :     NO.    2025-C-3928
                    Plaintiff       :
                                    :     CIVIL ACTION
        v.                          :
                                    :     ASSIGNED TO:
LEHIGH VALLEY HEALTH NETWORK,       :     The Honorable J. Brian Johnson
                                    :
                    Defendant       :

## O R D E R

AND NOW, this 24th day of November, 2025, upon consideration of Plaintiff's Motion In

Limine To Exclude Testimony Of Defendant's Expert Witness filed on September 26, 2025;

IT IS ORDERED that said motion is DISMISSED without prejudice.[1]

BY THE COURT:

J. Brian Johnson, P.J.

---

[1] No Certificate of Service was filed and, therefore, it is unknown whether Defendant received proper notice of the subject motion.

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2025-C-3928                    Contract Employment Dispute - Discrimination

John  S Missanelli
- VS -
Lehigh Valley Health Network

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
11/24/2025.

<u>236 NOTICE</u>

Pursuant to Pa.R.Civ.P. § 236, notice is hereby given that an order, decree, or judgment

in the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE:  All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

Lehigh Valley Health
Network

C/O Svetelana Ross Esquire
Department of Legal
Services
Three Center City
515 West Hamilton Street
Suite 200
Allentown PA  18101

John  S Missanelli        jmissanelligrob@aol.com

1

CV15a



# EXHIBIT "D"

FILED 1/21/2026 4:05 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/DM

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
### CIVIL DIVISION

JOHN S. MISSANELLI,                    :

                                       :      NO.   2025-C-3928

                **Plaintiff**    :

                                       :      **CIVIL ACTION**

       v.                             :

                                       :      **ASSIGNED TO:**

LEHIGH VALLEY HEALTH NETWORK,          :      **The Honorable J. Brian Johnson**

                                       :

            **Defendant**   :

### O R D E R

AND NOW, this 21st day of January, 2026, after providing the parties with a Disclosure

Regarding Code Of Judicial Conduct Rule 2.11 ("Disclosure"), which was filed on November 25,

2025, after Hearing held on January 20, 2026, and based on the record made therein;

IT IS ORDERED that the undersigned does not disqualify himself from presiding over

the above case.

BY THE COURT:

J. Brian Johnson, J.

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2025-C-3928         Contract Employment Dispute - Discrimination

John  S Missanelli
  - VS -
Lehigh Valley Health Network

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
1/22/2026.

## 236 NOTICE

    Pursuant to Pa.R.Civ.P. § 236, notice is hereby given that an order, decree, or judgment

in the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE:  All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

Steven E Hoffman, Esq   ✓ shoffman@hhe-law.com   Hoffman & Hlavac
1605 North Cedar Crest
Blvd
Suite 509
Allentown PA  18104

John  S Missanelli   ✓ jmissanelligrob@aol.com   8810 Wainwright Road
Wyndmoor PA  19038

1

CV15a

# EXHIBIT "E"

**Court of Common Pleas of [County Name], Pennsylvania**
**Civil Division**

Joh S. Missanelli, D.O.

Plaintiff,

v.

**Lehigh Valley Medical Network ,**

Defendant.

Case No.: 2025-C-3928

---

## CERTIFICATE OF MERIT

Pursuant to Pa.R.C.P. 1042.3

I, **John S. Missanelli, D.O.**, Plaintiff, Pro se, in the above-captioned matter, hereby certify that:

1. The claim against the Defendant is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from acceptable professional standards.
2. There was an exhaustion of the entirety of Administrative remedies at LVHN which were deemed to be futile.
3. The Plaintiff alleges that the Peer Review process was a pretext of LVHN as the instrument of employment Age Discrimination.
4. The claim of LVHN Peer Review qualified immunity was defeated allowing for this Civil Action.

I verify that the statements made in this Certificate are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date: January 23, 2026

Signature: John S. Missanell

John S. Missanelli, D.O.

Plaintiff, Pro Se, 8810 Wainwright Road, Wyndmoor. PA. 19038; 267-368-2292

jmissanelligrob@aol.com

# EXHIBIT "F"

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se


Certificate of Service


CIVIL COURT OF THE STATE OF PENNSYLVANIA
COUNTY OF LEHIGH


| | | |
|---|---|---|
| John S. Missanelli, D.O. <br> Plaintiff Pro Se | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 2025-C-3928 |
| V | ) <br> ) <br> ) <br> ) | |
| LVHN <br> Defendant | ) <br> ) <br> ) | Date: February 9, 2026 |


John S. Missanelli D.O.

1

FILED 2/6/2026 11:54 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

exhibit

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se

## CIVIL COURT OF THE STATE OF PENNSYLVANIA
## COUNTY OF LEHIGH

| | | |
|---|---|---|
| John S. Missanelli, D.O. | ) | Case No.: 2025-C-3928 |
| Plaintiff | ) | |
| Pro Se | ) | Age Discrimination Litigation |
| | ) | Documents; COMPLAINT IN CIVIL |
| | ) | COURT FOR PROTECTED VETERAN |
| | ) | WORKPLACE DISCRIMINATION |
| | ) | |
| V | ) | (PLAINTIFF'S CLAIM FOR AGE |
| | ) | DISCRIMINATION UNDER (PHRA), |
| | ) | 43 P.S.951 ET SEQ. AND (ADEA) |
| | ) | 29 U.S.C. 621ET SEQ.) |
| LVHN | ) | |
| Defendant | ) | Date: January 27, 2026 |

1

FILED 2/6/2026 11:54 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

**COMPLAINT**

Now comes the Plaintiff and would show this Honorable Lehigh County
Pennsylvania Court and President Judge J. Brian Johnson the following in support of this
complaint.

1. The Plaintiff, John S. Missanelli, D.O., is a resident of Wyndmoor, Pennsylvania.

2. The Defendant is a corporation chartered in and registered to do business in the
   State of Pennsylvania.

3. The Plaintiff was an employee of the Defendant at the Defendant's offices in
   Allentown, Pennsylvania, and vicinity.

4. This action brought by U.S. Army Veteran During Wartime, John S. Missanelli,
   D.O., under Federal question jurisdiction 28 USCS 1311.

5. This action is also brought under 29 USCS Section 2601, the Family Leave Act,
   42 USCS Section 12101 et seq., the Americans with Disability Act; 42 USCS
   Section 2000e-2 et seq. Title VII of the Civil Rights Act of 1964 and the 14th
   Amendment to the United States Constitution.

6. Facts of workplace discrimination:
   a. No Protected Veteran should have to deal with workplace discrimination.
   b. Discrimination did occur at the hands of Department Chair and Vice-
      Chair, supervisors, and colleagues.
   c. The employee has chosen to exercise his right under law to sue the
      employee.
   d. Federal law recognizes two examples of discrimination claims: disparate
      treatment and harassment.
   e. The Protected Veteran can acknowledge a number of traits and
      characteristics that Plaintiff was subjected to including age
      discrimination.
   f. The Plaintiff has experienced a number of shockingly overt and blatant
      discrimination.

7. The Plaintiff has been damaged irreparably personally and professionally as to:
   a. Reputation
   b. Ability to be rehired
   c. Complete loss of income
   d. Unlawful reporting to the NPDB

2

FILED 2/6/2026 11:54 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

e.  The burden of payment of legal fees to defend the unlawful termination of work

f.  The irreparable stigma of a Medical Profession at the level achieved by the Plaintiff to defend a Suspension and Termination from a medical network and hospital.

Wherefore, the Plaintiff prays that the proper process issue to the Defendant and that upon a hearing upon this Court grant judgement for the Plaintiff and against the Defendant for any and all actual, special, compensatory, and punitive damages to which this Honorable Court deems the Plaintiff to be entitled, and for attorney fees, interest, court costs and any and all further relief under the applicable statutes mentioned above to which this Honorable Court deems the Plaintiff to be intitled.

The Plaintiff further prays for any and all such other and further relief which this Court and grant which this Court feels the Plaintiff to be entitled.

Respectfully submitted,

John S. Missanelli, D.O.
Plaintiff, Pro Se
No.: 2025-C3928
8810 Wainwright Road, Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrb@aol.com

**PERSONAL DATA**

MISSANELLI, JOHN SALVATORE                                    NONE

| 4. DEPARTMENT, COMPONENT AND BRANCH OR CLASS | 5A. GRADE, RATE OR RANK | 5. DAY GRADE | 6. DATE OR RANK | DAY | MONTH | YEAR |
|---|---|---|---|---|---|---|
| ARMY USAR AMEDD | PFC | E-3 | | 21 | Aug | 72 |

| 7 U. S. CITIZEN | 8. PLACE OF BIRTH (City and State or County) | | 9. DATE OF BIRTH | DAY | MONTH | YEAR |
|---|---|---|---|---|---|---|
| ☒ YES  ☐ NO | PHILADELPHIA, PENNSYLVANIA | | | 28 | Jul | 49 |

**SELECTIVE SERVICE DATA**

| 10A. SELECTIVE SERVICE NUMBER | A. SELECTIVE SERVICE LOCAL BOARD NUMBER, CITY, COUNTY, STATE AND ZIP CODE | | | c. DATE INDUCTED |
|---|---|---|---|---|
| | | | | DAY | MONTH | YEAR |
| 36  35  49  1192 LB# 35 | BRISTOL, PENNSYLVANIA | | | NA |

**TRANSFER OR DISCHARGE**

| 11A. TYPE OF TRANSFER OR DISCHARGE | 6. STATION OR INSTALLATION AT WHICH EFFECTED |
|---|---|
| Released to USAR (See 30) | Fort Sam Houston, Texas |

| c. REASON AND AUTHORITY | | 4. | DAY | MONTH | YEAR |
|---|---|---|---|---|---|
| Sec VII Chap 5 AR 635-200 SPN 764 Release of REP 63 Trainees upon completion of MOS Training. | | EFFECTIVE DATE | 03 | Sep | 72 |

| 12. LAST DUTY ASSIGNMENT AND MAJOR COMMAND | 13A. CHARACTER OF SERVICE | b. TYPE OF CERTIFICATE ISSUED |
|---|---|---|
| CoA  3d  Bn TUSAMEDTC 5th US Army | HONORABLE | NONE |

| 14. DISTRICT AREA COMMAND OR CORPS TO WHICH RESERVIST TRANSFERRED | 15. REENLISTMENT CODE |
|---|---|
| Revert to USAR  FIRST  US Army | NA |

| 16 TERMINAL DATE OF RESERVE/ UNTRD OBLIGATION | 17. CURRENT ACTIVE SERVICE OTHER THAN BY INDUCTION | | | | b. TERM OF SERVICE | a. DATE OF ENTRY | |
|---|---|---|---|---|---|---|---|
| DAY | MONTH | YEAR | a. SOURCE OF ENTRY | | | | (Years) | DAY | MONTH | YEAR. |
| 07 | Dec | 77 | ☐ ENLISTED (First Enlistment)  ☐ ENLISTED (Prior Service)  ☐ REENLISTED  ☐ OTHER    NA | | | NA | 13 | Apr | 72 |

| 18. PRIOR REGULAR ENLISTMENTS | 19. GRADE, RATE OR RANK AT TIME OF ENTRY INTO CURRENT ACTIVE SERVICE | 20. PLACE OF ENTRY INTO CURRENT ACTIVE SERVICE (City and State) |
|---|---|---|
| NA | NA | BRISTOL, PENNSYLVANIA |

**SERVICE DATA**

| 21. HOME OF RECORD AT TIME OF ENTRY INTO ACTIVE SERVICE (Street, RFD, City, County, State and ZIP Code) | 22. STATEMENT OF SERVICE | | YEARS | MONTHS | DAYS |
|---|---|---|---|---|---|
| 114 Fillmore Street | | (1) NET SERVICE THIS PERIOD | 00 | 04 | 21 |
| Bristol, Bucks, Pennsylvania 19007 | CREDITABLE FOR BASIC PAY PURPOSES | (2) OTHER SERVICE | 00 | 04 | 05 |
| 23A. SPECIALTY NUMBER & TITLE  D.O.T. NUMBER | | (3) TOTAL (Lines (1) plus Line (2) | 00 | 08 | 26 |
| 91A10MedCorpsman  First Aid Attendant | b. TOTAL ACTIVE SERVICE | | 00 | 04 | 21 |
| 354.878 | c. FOREIGN AND/OR SEA SERVICE | | 00 | 00 | 00 |

| 24. DECORATIONS, MEDALS, BADGES, COMMENDATIONS, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED |
|---|
| Expert    Badge (Rifle M-16) |

| 25. EDUCATION AND TRAINING COMPLETED |
|---|
| TUSAMEDTC (Medical Corpsman Course) |

**VA AND DMS SERVICE DATA**

| 26V. NON-PAY PERIODS TIME LOST (Preceding The Year) | b. DAYS ACCRUED LEAVE PAID | 27A. INSURANCE IN FORCE (NSLI & USGLI) | b. AMOUNT OF ALLOTMENT | c. MONTH ALLOTMENT DISCONTINUED |
|---|---|---|---|---|
| NONE | 12 | ☐ YES  ☒ NO | NA | NA |

| 28. VA CLAIM NUMBER | 29. SERVICEMEN'S GROUP LIFE INSURANCE COVERAGE |
|---|---|
| c. NONE | ☒ $15,000  ☐ $10,000  ☐ $5,000  ☐ NONE |

**REMARKS**

30. REMARKS

Civilian Education: 16 years - Pre Medicine                Blood Group: 0 Positive
Item 11a: Released from ADT and returned to Army Reserve to complete remaining
service obligation of 5  years and 3  months.
ADT 21 weeks

**AUTHENTICATION**

| 31. PERMANENT ADDRESS FOR MAILING PURPOSES AFTER TRANSFER OR DISCHARGE (Street, RFD, City, County, State and ZIP Code) | 32. SIGNATURE OF PERSON BEING TRANSFERRED OR DISCHARGED |
|---|---|
| 114 Fillmore Street Bristol, Bucks, Pennsylvania 19007 | John Salvatore Missanelli |
| 33. TYPED NAME, GRADE AND TITLE OF AUTHORIZING OFFICER | 34. SIGNATURE OF OFFICER AUTHORIZED TO SIGN |
| C. L. PETERSON, CPT, AGC, Asst Adj | |

**DD** FORM 1 JUL 70 **214**          PREVIOUS EDITION OF THIS FORM IS TO BE USED.          ARMED FORCES OF THE UNITED STATES REPORT OF TRANSFER OR DISCHARGE

2

# EXHIBIT "G"

FILED 1/26/2026 5:24 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JW

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se

CIVIL COURT OF THE STATE OF PENNSYLVANIA
COUNTY OF LEHIGH

| | | |
|---|---|---|
| John S. Missanelli, D.O. | ) | Case No.: 2025-C-3928 |
| Plaintiff | ) | |
| Pro Se | ) | Age Discrimination Litigation |
| | ) | Documents; Denial of Defendant's |
| | ) | Motion for Summary Judgement |
| V | ) | (PLAINTIFF'S CLAIM FOR AGE |
| | ) | DISCRIMINATION UNDER (PHRA), |
| | ) | 43 P.S.951 ET SEQ. AND (ADEA) |
| | ) | 29 U.S.C. 621ET SEQ.) |
| LVHN | ) | |
| Defendant | ) | Date: January 26, 2026 |

1

FILED 1/26/2026 5:24 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JW

## ⑤ RESPONSE TO SUMMARY JUDGMENT (FULL BRIEF)

### I. Introduction

Defendant's Motion for Summary Judgment should be denied because genuine issues of material fact exist regarding discriminatory motive, pretext, and the falsity of Defendant's asserted reasons.

### II. Legal Standard

Summary judgment is inappropriate where reasonable minds could differ. Pennsylvania courts apply the McDonnell Douglas framework.

### III. Argument

### A. Plaintiff Has Established a Prima Facie Case

All four elements are satisfied.

### B. Defendant's Reasons Are Pretextual

Evidence includes:

- Inconsistencies
- Comparator treatment
- False allegations
- Temporal proximity
- Retaliatory conduct

### C. Credibility Determinations for the Jury

Where motive and intent are disputed, summary judgment is disfavored.

### D. Defendant's False Allegations Strengthen the Inference of Discrimination

The fabrication or exaggeration of allegations is classic evidence of pretext.

### IV. Conclusion

Defendant's motion should be denied in its entirety.

John S. Missanelli, D.O.
Plaintiff Pro Se
8810 Wainwright road, Wyndmoor, PA. 19038, 267-368-2292, jmissanelligrob@aol.com

8

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se

## MOTION TO COMPELL

### CIVIL COURT OF THE STATE OF PENNSYLVANIA
### COUNTY OF LEHIGH

| | | |
|---|---|---|
| John S. Missanelli, D.O. | ) | Case No.: 2025-C-3928 |
| Plaintiff Pro Se | ) | |
| | ) | Prima Facie Case of |
| | ) | Employment Discrimination |
| | ) | |
| | ) | |
| V | ) | |
| | ) | |
| | ) | |
| ( | ) | |
| | ) | |
| LVHN | ) | |
| Defendant | ) | Date: January 27, 2026 |

1

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

# 3 McDONNELL DOUGLAS PRETEXT ARGUMENT

## I. Prima Facie Case

Plaintiff satisfies all four elements:

- Over 40
- Qualified
- Suffered adverse action
- Replaced by or treated less favorably than substantially younger individuals

## II. Defendant's Proffered Reason

Defendant asserts a nondiscriminatory justification (e.g., performance, restructuring, or alleged misconduct).

## III. Pretext Analysis

### A. Inconsistencies and Shifting Explanations

Defendant's explanations have changed over time, demonstrating unreliability.

### B. Comparator Evidence

Younger employees were treated more favorably under similar circumstances.

### C. Temporal Proximity

Adverse actions occurred shortly after age-related comments or events.

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/JB

## D. False Allegations as Evidence of Pretext

Defendant's reliance on false or inflammatory allegations demonstrates:

- Animus
- Retaliatory motive
- Lack of legitimate justification

## IV. Conclusion

A reasonable fact finder could conclude that Defendant's stated reasons are false and that age was but-for cause of the adverse action.

John S. Missanelli, D.O.

*John S. Missanelli, DO*

Plaintiff
Pro Se
8810 Wainwright Road, Wyndmoor, PA. 19038
267-368-2292
jmissanelligrob@aol.com
01/26/2026

6

## *Lehigh County Clerk of Judicial Records*

<u>Civil Division</u>
(610) 782-3148

*Sayra Tineo*
 *Chief Deputy*
*Justine G. French*
 *Asst. Chief Deputy*

## *Michelle Graupner*
Lehigh County Courthouse
455 W. Hamilton Street - Room 122
Allentown, PA 18101-1614

Case Number:

### <u>Electronic Filing Verification</u> 2025. C. 3928

I verify that the <u>(11) motions / exhibits / memos</u>   (document) and all pages

(No. of pages ___56___ ) that I provided to the Clerk of Judicial Records,

and requested that they scan, have been reviewed by me and all pages were

electronically filed. A copy of said document(s) have also been provided to

me.

Signature: _____

Date: _____2 / 6 /2026_____

***The County of Lehigh and the Office of the Clerk of Judicial Records shall not be liable from any and all suits, actions, legal or administrative proceedings, claims, demands, damages, liabilities, interest, attorney's fees, costs and expenses for whatsoever kind of nature from any errors resulting from requesting the Clerk of Judicial Records' office to scan and file legal documents provided to them by customer(s).***

FILED 2/6/2026 11:41 AM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se

## MOTION FOR SUMMARY JUDGEMENT

## CIVIL COURT OF THE STATE OF PENNSYLVANIA
### COUNTY OF LEHIGH

| | | |
|---|---|---|
| John S. Missanelli, D.O.<br>Plaintiff Pro Se | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 2025-C-3928<br><br>UNDISPUTED MATERIAL FACTS |
| V | ) <br> ) <br> ) <br> ) | |
| LVHN<br>Defendant | ) <br> ) | Date: January 27, 2026 |

1

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/JB

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff is over 40 years old.

2. Plaintiff was qualified for his position.

3. Plaintiff performed his duties competently.

4. Plaintiff suffered adverse employment actions.

5. Younger employees were treated more favorably.

6. Defendant made age-related comments or engaged in age-related conduct.

7. Defendant's stated reasons for its actions have shifted over time.

8. Defendant made false or inflammatory allegations against Plaintiff.

9. These allegations lack evidentiary support.

10. Defendant's conduct is consistent with discriminatory or retaliatory motive.

John S. Missanelli, D.O.

*John S. Missanelli, DO*

Plaintiff
Pro Se
8810 Wainwright Road, PA. 19038
267-368-2292
jmissanelligrob@aol.com
01/26/2026

2

FILED 2/6/2026 11:41 AM,Clerk.of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION

John S. Missanelli D.O.,

    Plaintiff,

      v.

LVHN,

    ·Defendant.

No. 2025-C-3928

STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Pa.R.C.P. 1035.2 and 1035.3, Plaintiff, John S. Missanelli, D.O. submits the following **Statement of Undisputed Material Facts** in support of its Motion for Summary Judgment:

1. "Plaintiff is over 40 years old." Cite to record evidence, e.g., "See Page 2."

Each of the foregoing facts of those listed on Page 2 is material to the disposition of this matter and is not subject to genuine dispute.

Respectfully submitted,

*John S. Missanelli, D.O.*

John S. Missanelli, D.O.
Plaintiff, Pro Se
8810 Wainwright Road, Wyndmoor, PA. 19038;267-368-2292;jmissanelligrob@aol.com

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

**Statement of Undisputed Material Facts** that aligns with Pennsylvania Rule of Civil Procedure 1035.2 and Lehigh County practice.

⚖ Caption and Introductory Paragraph (Motion)

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA CIVIL DIVISION John S. Missanelli, D.O.,      Plaintiff,      v. LVHN,      Defendant. No. 2025-C-3928 CIVIL ACTION – MOTION FOR SUMMARY JUDGMENT BASED ON UNDISPUTED MATERIAL FACTS.

AND NOW, comes John S. Missanelli, D.O., Plaintiff, Pro Se, and pursuant to Pa.R.C.P. 1035.2, respectfully moves this Honorable Court for the entry of **summary judgment in** favor of Plaintiff, John S. Missanelli, D.O., and against LVHN, and in support thereof avers as follows:

1. There exists genuine issue of material fact as to the claims set forth in the Complaint.

2. The material facts are not in dispute and are supported by the attached Statement of **Undisputed Material Facts,** which is incorporated herein by reference.

3. Based on the undisputed facts and applicable law, Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant summary judgment in its favor and enter the attached proposed Order.

Respectfully submitted,

*John S. Missanelli, D.O.*

John S. Missanelli, D.O.
Plaintiff, Pro Se
8810 Wainwright Road, Wyndmoor, PA. 19038
267-368-2292
Jmissanelligrob2aol.com
2025-C-3928

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928   /s/JB

**MOTION FOR DISCOVERY SANCTIONS**

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

**John S. Missanelli, D.O.,**
Plaintiff,

v.

**Lehigh Valley Health Network, et al.,**
Defendants.

**No.: 2025-C-3928**

**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS UNDER Pa.R.C.P. 4019**

Plaintiff, **Dr. John Missanelli**, respectfully moves this Honorable Court to impose sanctions upon Defendants pursuant to **Pa.R.C.P. 4019**, and in support thereof states:

**I. INTRODUCTION**

This Motion arises from Defendants' ongoing and willful refusal to comply with their discovery obligations under the Pennsylvania Rules of Civil Procedure. Despite proper service of written discovery, multiple good-faith attempts to resolve the dispute, and ample time to respond, Defendants have produced **no meaningful discovery**, have ignored mandatory deadlines, and have obstructed Plaintiff's ability to prepare his case.

Defendants' conduct is **prejudicial, dilatory, and in bad faith,** warranting sanctions under Pa.R.C.P. 4019(a)(1), (a)(2), and (c).

**II. PROCEDURAL HISTORY**

1. On **September 21, 2025,** Plaintiff served Defendants with **Interrogatories and Requests for Production of Documents** pursuant to Pa.R.C.P. 4005 and 4009.1.

2. Under Pa.R.C.P. 4006(a)(2) and 4009.12(a), responses were due **30 days later,** on **October 21, 2025.**

3. Defendants failed to respond by the deadline and did not request an extension.

4. Plaintiff sent **Good-Faith Correspondence** on **October 11, 2025,** requesting compliance and offering reasonable accommodations.

5. Defendants again failed to respond.

1

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

6. As of the filing of this Motion, **125 days** have passed since the original deadline, and Defendants remain in violation of the Rules.

## III. LEGAL STANDARD

Pa.R.C.P. **4019(a)** authorizes the Court to impose sanctions when a party:

- Fails to answer interrogatories
- Fails to produce documents
- Fails to obey a discovery order
- Engages in dilatory, obstructive, or bad-faith conduct

Sanctions may include, but are not limited to:

- Compelling responses
- Awarding attorney's fees and costs
- Deeming facts admitted
- Precluding evidence
- Striking pleadings
- Entering judgment by default (in extreme cases)

Pennsylvania courts consistently hold that **repeated noncompliance, unjustified delay,** and **prejudice to the opposing party** justify sanctions.

## IV. ARGUMENT

### A. Defendants Have Violated Their Clear Obligations Under the Rules

Defendants' failure to provide *any* responses violates Pa.R.C.P. 4006, 4009.12, and 4019. Their silence is not excused by any privilege log, protective order, or objection.

### B. Plaintiff Has Acted in Good Faith

Plaintiff attempted to resolve this dispute without court intervention, including:

- Written good-faith letters
- Email follow-ups
- Reasonable extensions

Defendants ignored all efforts.

2

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

## C. Plaintiff Has Suffered Prejudice

Defendants' obstruction has:

- Plaintiff's Delayed ability to prepare expert reports
- Prevented Plaintiff from obtaining critical documents
- Interfered with deposition scheduling
- Increased litigation costs
- Threatened the orderly progression of the case

## D. Sanctions Are Necessary to Ensure Compliance and Prevent Further Abuse

Given Defendants' pattern of noncompliance, lesser remedies have proven ineffective. Sanctions are necessary to protect the integrity of the discovery process.

## V. RELIEF REQUESTED

Plaintiff respectfully requests that this Court enter an Order:

1. **Compelling** Defendants to provide full and complete responses to Plaintiff's Interrogatories and Requests for Production within **10 days;**
2. **Deeming admitted** any facts sought in the unanswered discovery;
3. **Precluding** Defendants from introducing evidence they have withheld;
4. **Awarding reasonable expenses and costs,** including fees associated with preparing this Motion, pursuant to Pa.R.C.P. 4019(g);
5. **Warning Defendants** that continued noncompliance may result in **striking of pleadings** or **entry of judgment;**
6. Granting such other relief as this Court deems just and proper.

## VI. CONCLUSION

Defendants' refusal to participate in discovery is willful, prejudicial, and contrary to the Pennsylvania Rules of Civil Procedure. Sanctions are both appropriate and necessary.

3

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/JB

Respectfully submitted,

*John S. Missanelli, D.O.*

**Dr. John Missanelli**
Pro Se Litigant
8810 Wainwright Road, Wyndmoor. Pa. 19038;

jmissanelligrob@aol.com
267-368-2292

4

P-JW

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se

CIVIL COURT OF THE STATE OF PENNSYLVANIA
COUNTY OF LEHIGH

| | | |
|---|---|---|
| John S. Missanelli, D.O. | ) | Case No.: 2025-C-3928 |
| Plaintiff | ) | |
| Pro Se | ) | Age Discrimination Litigation |
| | ) | Documents; Undisputed Material |
| | ) | Facts |
| V | ) | (PLAINTIFF'S CLAIM FOR AGE |
| | ) | DISCRIMINATION UNDER (PHRA), |
| | ) | 43 P.S.951 ET SEQ. AND (ADEA) |
| | ) | 29 U.S.C. 621ET SEQ.) |
| LVHN | ) | |
| Defendant | ) | Date: January 26, 2026 |

1

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

## 🔢 STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff is over 40 years old.

2. Plaintiff was qualified for his position.

3. Plaintiff performed his duties competently.

4. Plaintiff suffered adverse employment actions.

5. Younger employees were treated more favorably.

6. Defendant made age-related comments or engaged in age-related conduct.

7. Defendant's stated reasons for its actions have shifted over time.

8. Defendant made false or inflammatory allegations against Plaintiff.

9. These allegations lack evidentiary support.

10. Defendant's conduct is consistent with discriminatory or retaliatory motive.


John S. Missanelli, D.O.

*John S. Missanelli, DO*

**Plaintiff**
Pro Se
8810 Wainwright Road, PA. 19038
267-368-2292
jmissanelligrob@aol.com
01/26/2026

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928   /s/JB

≡   ❓ ▾   ▦ ▾   JM ▾

# Details - Case # 2025-C-3928 - Envelope # 971298

## Envelope

Envelope ID
**971298**

Submitted by
**John Missanelli**

Submitted date
**01/26/2026 5:08 PM**

Username
**jmissanelligrob@aol.com**

## Case Information

Court Location
**Civil**

Case Type
**Contract Employment Dispute - Discrimination**

Case Category
**Civil**

Judge
**Johnson, J. Brian**

## Parties

| Party Type | Party Name | Lead Attorney |
|---|---|---|
| Defendant | Lehigh Valley Health Network | Steven E Hoffman |
| Plaintiff | John S Missanelli | Pro Se |

## Filings

Filing Code
**Findings of Fact and Conclusions of Law**

Filing Type
**eFile Only**

 **Support**

Client Ref #

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

JM

## Service Contacts

| Party Type | Party Name | Service Contacts |
|---|---|---|
| Defendant | Lehigh Valley Health Network | 👤 0 |
| Plaintiff | John S Missanelli | 👤 0 |
| Other Service Contacts | | 👤 2 ⌄ |

## Fees

Payment account
**John Missanelli**
Party responsible for envelope fees
**John S Missanelli**
Order ID
Transaction Response
Transaction Amount
**$0.00**
Transaction ID
**1346467**

| **Total** | **$0.00** |
|---|---|
| **Grand Total** | **$0.00** |

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928       /s/JB

\*\*IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION\*\*

**John S. Missanelli, D.O.,**
Plaintiff,

v.

**Lehigh Valley Health Network,**
Defendant.

**No. 2025-C-3928**

**MOTION FOR SANCTIONS FOR VIOLATION OF STATUTORY CONFIDENTIALITY UNDER
THE PENNSYLVANIA PEER REVIEW PROTECTION ACT**

Plaintiff, by and through undersigned counsel, respectfully moves this Court for the
imposition of sanctions, judicial admonishment, and an award of fees and costs arising
from Defendant's improper acquisition, use, and dissemination of information protected
under the Pennsylvania Peer Review Protection Act ("PRPA"), 63 P.S. § 425.4. In support
thereof, Plaintiff states as follows:

**I. INTRODUCTION**

This motion arises from Defendant's deliberate and improper use of confidential peer
review information in a defamatory and retaliatory manner, in direct violation of the
statutory confidentiality protections mandated by the PRPA. Defendant's conduct
undermines the integrity of these proceedings, violates Pennsylvania law, and constitutes
sanctionable misconduct warranting judicial intervention.

**II. FACTUAL BACKGROUND**

1. Plaintiff is a physician and medical innovator whose work is routinely subject to
   confidential peer review processes conducted by journals, committees, and
   professional bodies.

2. Despite these clear statutory prohibitions, Defendant obtained, referenced, and
   used confidential peer review information for retaliatory and defamatory purposes,
   including mischaracterizing peer review communications and attempting to
   weaponize them within this litigation.

3. Defendant's conduct was intentional, improper, and undertaken with full knowledge
   that peer review materials are privileged, confidential, and legally protected from
   disclosure or use.

FILED 2/6/2026 11:41 AM, Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/JB

4. Defendant's actions have caused prejudice to Plaintiff, compromised the integrity of the peer review process, and necessitated the filing of this motion.

## III. LEGAL STANDARD

Pennsylvania courts strictly enforce the PRPA's confidentiality mandate. The statute provides absolute protection for peer review proceedings and records and prohibits any person from disclosing or testifying regarding the committee's evidence, deliberations, findings, recommendations, evaluations, or opinions. 63 P.S. § 425.4.

The Pennsylvania Supreme Court has repeatedly reaffirmed the strength of this privilege, emphasizing that peer review confidentiality is essential to maintaining candid evaluation within the medical profession. *Leadbitter v. Keystone Anesthesia Consultants*, 256 A.3d 1164 (Pa. 2021); *Reginelli v. Boggs*, 181 A.3d 293 (Pa. 2018).

Sanctions are appropriate where a party engages in conduct that violates statutory privilege, abuses discovery, or acts in bad faith. Pa.R.C.P. 4019.

## IV. ARGUMENT

### A. Defendant Violated the Statutory Confidentiality Requirements of the PRPA (63 P.S. § 425.4).

Plaintiff's acquisition, use, and dissemination of peer review information constitutes a direct violation of § 425.4. The statute's language is unequivocal: peer review proceedings and records "shall be held in confidence" and "shall not be subject to discovery or introduction into evidence."

By using peer review information in a retaliatory and defamatory manner, Defendant engaged in conduct expressly prohibited by Pennsylvania law.

### B. Defendant's Conduct Constitutes Litigation Misconduct Warranting Sanctions.

Plaintiff's actions were not inadvertent. They were purposeful, retaliatory, and designed to harm Plaintiff's professional reputation by misusing confidential peer review communications.

Such conduct:

- Violates statutory privilege
- Undermines the integrity of the judicial process
- Prejudices Plaintiff
- Reflects bad faith and improper motive

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

Sanctions under Pa.R.C.P. 4019 are warranted to remedy the harm and deter further misconduct.

## C. Judicial Admonishment and Notice of Misconduct Are Necessary to Protect the Integrity of These Proceedings.

Given the seriousness of Defendant's actions, Plaintiff respectfully requests that the Court issue a formal admonishment and judicial notice of misconduct. This relief is necessary to:

- Reinforce the statutory protections of the PRPA
- Deter future violations
- Preserve the integrity of the peer review process
- Maintain the fairness of these proceedings

## D. Defendant Is Entitled to Fees and Costs Incurred as a Result of Plaintiff's Misconduct.

Defendant's improper conduct forced Plaintiff to expend time and resources to address the violation and seek judicial intervention. Under Pa.R.C.P. 4019(g), the Court may award reasonable expenses, including attorney's fees, caused by the offending party's misconduct.

An award of fees and costs is appropriate and necessary.

### V. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order:

1. **Finding that defendant violated the statutory confidentiality protections of the PRPA, 63 P.S. § 425.4;**
2. **Imposing sanctions pursuant to Pa.R.C.P. 4019;**
3. **Issuing a judicial admonishment and formal notice of misconduct;**
4. **Striking or disregarding any materials derived from or referencing peer review information;**
5. **Awarding Defendant reasonable attorney's fees and costs incurred in connection with this motion;** and
6. **Granting such other relief as the Court deems just and proper.**

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

Respectfully submitted,

John S. Missanelli, D.O.
8810 Wainwright Road, Wyndmoor, Pa. 19038
Pro Se
267-368-2292
jmissanelligrob@aol.com

·N THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

**CIVIL DIVISION**

**John S. Missanelli, D.O.**
Plaintiff,

v.

**Lehigh Valley Health Network**
Defendant.

**Case No.: 2025-C-3928**

## MOTION FOR SANCTIONS FOR VIOLATION OF THE PENNSYLVANIA PEER REVIEW PROTECTION ACT (63 P.S. § 425.4)

Plaintiff, **John S. Missanelli, D.O.**, by and through the undersigned, respectfully moves this Honorable Court for the imposition of sanctions against Defendant **Lehigh Valley Health Network** for violating the statutory confidentiality protections of the Pennsylvania Peer Review Protection Act ("PRPA"), 63 P.S. § 425.4. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

This Motion arises from Defendant's improper disclosure of confidential peer-review-protected materials to an individual who is not a qualified expert and who is not legally permitted to receive, review, or rely upon such information. The Pennsylvania Peer Review Protection Act mandates strict confidentiality of peer-review proceedings and prohibits disclosure or use of peer-review materials to the review of an unqualified Expert witness. Defendant's conduct constitutes a direct statutory violation, taints the litigation process, and warrants sanctions, suppression, and an award of fees and costs.

### II. FACTUAL BACKGROUND

1. Plaintiff is a board-certified obstetrician-gynecologist who practiced in the Commonwealth of Pennsylvania.

2. Defendant has asserted claims and defenses in this matter that rely, in part, on materials derived from internal peer-review processes conducted by **the Department of Obstetrics and Gynecology Peer Review Committee as mandated by Department Chairperson Amanda Flicker, M.D..**

3. On or about **late 2025,** Defendant disclosed peer-review-protected materials— including evaluations, internal assessments, and/or committee-gene. ed documents—to **Dr. Melka**, an individual who does not meet the statutory or

professional criteria to serve as an expert in this matter and do. not have the expertise and experience of a qualified expert in Gynecology. A physician who *completed* an OB-GYN residency but has **not practiced gynecology** for years may be heavily impeached.

4. The disclosed materials were created exclusively for peer-review purposes and fall squarely within the protections of 63 P.S. § 425.4.

5. Defendant has attempted to use, and has used, the tainted expert's opinions— opinions that were formed through exposure to unlawfully disclosed peer-review materials.

### III. APPLICABLE LAW

The Pennsylvania Peer Review Protection Act provides, in relevant part:

- **"The proceedings and records of a review committee shall be held in confidence and shall not be subject to discovery or introduction into evidence in any civil action."**

- **"No person who was in attendance at a meeting of a review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of such committee."** 63 P.S. § 425.4.

The American Congress of Obstetrics and Gynecology in Committee Opinion N0. 374 states that an expert must: *"Testify only within their actual sphere of medical expertise, have appropriate knowledge of the standard of care for the particular condition at the relevant time, and avoid giving misleading testimony by lacking current knowledge of the standards of care. "* A physician who *trained* in Gynecology but does **not currently practice it does not meet the ACOG ethical standard** for offering gynecological opinions. Pennsylvania's MCARE ACT requires that a medical expert : *"Practices in the same specialty as the physician being reviewed and has been engaged in an active clinical practice in that specialty."*

Defendant's conduct violates both the letter and the spirit of the statute.

### IV. ARGUMENT

### A. Defendant Violated the Statutory Confidentiality Mandate of 63 P.S. § 425.4

Defendant's disclosure of peer-review materials to an unqualified expert constitutes a direct breach of statutory confidentiality protections. The statute prohibits:

FILED 2/6/2026 11:41 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

- disclosure;
- dissemination,
- use in litigation, and
- reliance by experts or third parties.

The disclosure here was intentional, unauthorized, and outside any peer-review context.

## B. The Expert's Opinions Are Irremediably Tainted and Must Be Stricken

An expert who forms opinions based on unlawfully obtained peer-review materials cannot offer admissible testimony. The taint is structural and cannot be cured by later disclaimers or redactions.

## C. Sanctions Are Necessary to Protect the Integrity of the Judicial Process

The unlawful opinions offered by the Defendant's expert must be stricken,

John S. Missanelli, D.O.

Plaintiff
Pro Se
8810 Wainwright Road, Wyndmoor, Pa. 19038
267-368-2292
jmissanelligron@aol.com

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928   /s/JGF

## ◈ SUPPORTING MEMORANDUM OF LAW (AGGRESSIVE VERSION)

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE
## SUBPOENA DUCES TECUM AND MOTION FOR CONTEMPT

### I. INTRODUCTION

Defendant has chosen to ignore a valid, court-authorized subpoena. This is not a misunderstanding. It is not a clerical oversight. It is a **deliberate act of defiance** that strikes at the integrity of the judicial process. Pennsylvania law does not tolerate such conduct, and neither should this Court.

### II. LEGAL STANDARD

#### A. Subpoenas Duces Tecum Are Court Orders

Under **42 Pa.C.S. § 5905,** courts have explicit authority to issue subpoenas "with a clause of duces tecum."
Under **42 Pa.C.S. § 5336,** subpoenas for documents are governed by **Pa.R.C.P. 4009.21–4009.27.**

#### B. Defendant Waived All Objections

Pa.R.C.P. 4009.21 requires timely objections. Defendant filed none.
Waiver is automatic.

#### C. Failure to Comply Is Contempt

A subpoena is a **command of the Court.**
Ignoring it is contemptuous conduct warranting sanctions, fees, and coercive remedies.

### III. ARGUMENT

#### A. Defendant's Noncompliance Is Willful and Prejudicial

Defendant did not object, request an extension, or produce a privilege log.
This is **bad-faith obstruction,** not inadvertence.

#### B. Plaintiff Is Entitled to Enforcement and Sanctions

Pennsylvania courts routinely impose:

- Compulsion orders

4

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

- Attorney's fees

- Monetary sanctions

- Adverse inference instructions

- Contempt findings

These remedies are appropriate here.

## C. Lesser Remedies Have Failed

Plaintiff attempted informal resolution. Defendant refused to engage.
Court intervention is now the only effective remedy.

## IV. CONCLUSION

Defendant's conduct is a **direct attack on the discovery process** and the authority of this
Court. Enforcement and contempt sanctions are not only justified — they are necessary.

Respectfully submitted,

John S. Missanelli, D.O.
Plaintiff
Pro Se
8810 Wainwright Road, Wyndmoor, PA.19038
267-368-2292
jmissanelligrob@aol.com

5

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

### ● MOTION TO ENFORCE SUBPOENA DUCES TECUM

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

**John S. Missanelli, D.O., Plaintiff**

v.

**Lehigh Valley Health Network, Defendant**

No.: **2025-C-3928**

### PLAINTIFF'S MOTION TO ENFORCE SUBPOENA DUCES TECUM

Plaintiff, by and through the undersigned, moves this Court for an Order enforcing the
Subpoena Duces Tecum served upon Defendant on **[date]**, and in support states:

1. On **[date]**, Plaintiff properly issued and served a Subpoena Duces Tecum pursuant
   to **42 Pa.C.S. § 5905, 42 Pa.C.S. § 5336,** and **Pa.R.C.P. 4009.21–4009.27,**
   commanding Defendant to produce clearly identified documents essential to this
   litigation.

2. Defendant has **willfully ignored** the subpoena. No documents were produced. No
   objections were filed. No Certificate of Compliance was submitted as required by
   **Pa.R.C.P. 4009.27**.

3. Defendant's silence constitutes a **knowing violation of a court-authorized
   command** and a deliberate attempt to obstruct discovery.

4. Defendant's noncompliance is part of a **pattern of dilatory, bad-faith conduct**
   designed to delay adjudication and prejudice Plaintiff.

5. Plaintiff has attempted in good faith to resolve this without Court intervention.
   Defendant refused to respond.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an Order:

- **Compelling** Defendant to fully comply with the Subpoena Duces Tecum within **5
  days**;

- **Deeming all objections waived;**

- Awarding Plaintiff **attorney's fees and costs;**

- Warning Defendant that further noncompliance will result in **sanctions,** including
  contempt, adverse inferences, and any other relief the Court deems just.

1

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

Respectfully submitted,

John S. Missanelli, D.O.
Plaintiff
Pro Se
8810 Wainwright Road, Wyndmoor, PA. 19038
267-368-2292
jmissanelligrob@aol.com

2

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928   /s/JGF

🌢 **MOTION FOR CONTEMPT**

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

**John S. Missanelli, Plaintiff**

v.

**Lehigh Valley Health Network, Defendant**

No.: **2025-C-3928**

## PLAINTIFF'S MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM

Plaintiff moves for an Order holding Defendant in **civil contempt,** and states:

1. A Subpoena Duces Tecum was duly issued and served on **[date]**, commanding Defendant to produce documents.

2. A subpoena is a **court order.** Defendant's refusal to comply — without objection, explanation, or request for extension — is a **direct violation of a court mandate.**

3. Defendant's conduct is **willful, contumacious**, and **prejudicial** to Plaintiff's ability to prosecute this action.

4. Defendant's noncompliance has **obstructed discovery**, delayed proceedings, and forced Plaintiff to incur unnecessary legal expense.

5. No lesser remedy will secure compliance.

**WHEREFORE**, Plaintiff requests that this Court:

- Hold Defendant in **civil contempt;**

- Impose **coercive sanctions,** including daily monetary fines until compliance;

- Award Plaintiff **attorney's fees and costs;**

- Enter any additional relief necessary to compel obedience to the Court's authority.

Respectfully submitted,

*John S. Missanelli*

John S. Missanelli, D.O., Plaintiff, Pro Se, 8810 Wainwright Road, Wyndmoor, PA. 19038, 267-368-2292, jmissanelligrob@aol.com

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

\*IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA

CIVIL DIVISION\*\*

**John S. Missanelli, D.O.,**
Plaintiff, Pro Se

v.

**LVHN,**
Defendant.

**No.: 2025-C-3928**
**Judge: President Judge, J. Brian Johnson**

## PLAINTIFF'S MOTION FOR SANCTIONS FOR BREACH OF CONFIDENTIALITY AND UNAUTHORIZED USE OF PRIVILEGED MATERIALS

Plaintiff, Pro Se, respectfully moves this Court for sanctions against Defendant and counsel for breaching statutory, ethical, and court-recognized confidentiality obligations. In support thereof, Plaintiff states as follows:

### I. INTRODUCTION

This Motion arises from Defendant's unauthorized disclosure, attempted acquisition, and improper use of information protected from disclosure under Pennsylvania law, including materials shielded by the Peer Review Protection Act ("PRPA"), 63 P.S. § 425.4, as well as confidential expert-review communications and internal evaluative materials. Defendant's conduct violates statutory privilege, professional ethical duties, and the integrity of these proceedings. Sanctions are necessary to remedy the prejudice caused and to prevent further violations.

### II. FACTUAL BACKGROUND

- On September 18, 2025, Defendant and/or Defendant's committee member **disclosed to the Plaintiff information indicating they would vote for the Plaintiff's presentation over that alleged by the Defendant,** despite knowing it was protected under PRPA § 425.4 and not subject to discovery.

- Defendant did nothing to incorporate or reference this protected information in **filings, communications, or hearings, even though other Committee members were aware of the breach.**

- Plaintiff never waived confidentiality, and no court order authorized this disclosure.

1

- Defendant's actions caused prejudice by **tainting unlawful expert review, distorting discovery, undermining peer-review protections, reputational harm, and other harm**.

## III. LEGAL STANDARD

Pennsylvania courts possess inherent authority to sanction parties who obstruct the administration of justice, including violations of confidentiality, misuse of privileged information, and discovery abuses. Sanctions are appropriate where a party disregards statutory protections, ethical duties, or court-ordered limitations, particularly when such conduct threatens the fairness of the litigation process.

The PRPA expressly prohibits disclosure of peer-review materials and imposes a duty of non-disclosure on all parties who possess or encounter such materials. Unauthorized disclosure or attempted acquisition constitutes a breach of statutory confidentiality.

## IV. BREACH OF CONFIDENTIALITY: UNAUTHORIZED DISCLOSURE AND MISUSE OF PRIVILEGED MATERIALS

A breach of confidentiality occurs when a party discloses, attempts to disclose, or fails to safeguard information that is legally, ethically, or contractually protected from dissemination. This includes unauthorized release or use of materials shielded by statutory privilege (such as peer-review documents protected under 63 P.S. § 425.4), confidential expert-review communications, or internal evaluative materials entrusted to a party with a duty of non-disclosure.

Here, Defendant engaged in a breach of confidentiality by disclosing, attempting to obtain, and/or utilizing information expressly protected from disclosure under statutory privilege, professional ethical obligations, and established confidentiality agreements. Despite having actual and constructive knowledge that the materials at issue were confidential and legally protected, Defendant disseminated and relied upon such information for improper purposes, including litigation advantage and reputational harm.

## V. PREJUDICE TO PLAINTIFF AND HARM TO THE INTEGRITY OF THE PROCEEDINGS

Defendant's breach of confidentiality has caused significant prejudice to Plaintiff by:

- Compromising protected evaluative processes
- Distorting the evidentiary landscape
- Injecting unlawfully obtained information into the litigation
- Undermining the statutory framework designed to promote candid peer review

2

FILED 2/6/2026 11:46 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JGF

**PROPOSED ORDER**

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

**John S. Missanelli, D.O.,**
Plaintiff, Pro Se

v.

**LVHN,**
Defendant.

**No.: 2025-C-3928**
**Judge: President Judge J. Brian Johnson**

**ORDER**

AND NOW, this 19th day of February **2026**, upon consideration of Plaintiff's Motion for Sanctions for Breach of Confidentiality and Unauthorized Use of Privileged Materials, it is hereby ORDERED and DECREED that:

1. Defendant and counsel are **admonished** for breaching confidentiality obligations.

2. Defendant and counsel are **prohibited** from any further disclosure, use, or attempted acquisition of protected materials, including PRPA-shielded documents and confidential expert-review communications.

3. Any filings, arguments, or expert opinions relying on or referencing improperly obtained or disclosed materials are **STRICKEN.**

4. Plaintiff is awarded **attorney's fees and costs** associated with addressing Defendant's breach.

5. **Any additional relief** necessary to protect the integrity of these proceedings is GRANTED.

BY THE COURT:

4

# EXHIBIT "H"

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,      :

                       :

              Plaintiff,     :     No. 2025-C-3928

    vs.                      :

                       :

LVHN,                    :

                       :

            Defendant.    :

## DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION FOR CONTEMPT FOR FAILURE TO COMPLY WITH SUBPOENA DUCES TECUM

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion For Contempt For Failure To Comply With Subpoena Duces Tecum, and in support thereof, avers as follows:

As Plaintiff's Motion consists largely of conclusory assertions, and legal argument unsupported by evidentiary attachment or procedural authority, Defendant responds in narrative form and specifically denies all allegations, averments, and purported claims

Plaintiff's Motion for Contempt is procedurally improper and legally unsustainable. Civil contempt is an extraordinary remedy and requires proof by a preponderance of the evidence that: (1) the alleged contemnor had notice of a specific and definite court order; (2) the act constituting the violation was volitional; (3) the contemnor acted with wrongful intent; and (4) the contemnor violated a clear, definite, and specific order of the court. *Lachat v. Hinchcliffe*, 769 A.2d 481, 488 (Pa. Super. Ct. 2001); *Gunther v. Bolus*, 853 A.2d 1014, 1017 (Pa. Super. Ct. 2004). Absent a prior, definite court order directing compliance, contempt cannot lie as a matter of law.

Here, no court order compelling production has been entered in this matter. Plaintiff has not obtained an Order of Court directing LVHN to produce documents. A subpoena allegedly issued by a litigant is not equivalent to a judicial finding of noncompliance or an adjudicated

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

mandate sufficient to support contempt. Contempt lies for violation of a court order, not for alleged noncompliance with a document unilaterally issued by a party.

Further, no Subpoena Duces Tecum was ever served upon LVHN. Plaintiff attaches no copy of the alleged subpoena, no affidavit of service, and no proof demonstrating valid service pursuant to Pa. R.C.P. 4009.21-4009.27 and does not indicate the date on which the alleged subpoena was served. Absent proof of proper service, there can be no enforceable obligation and no contempt.

Even assuming *arguendo* that a subpoena existed, subpoenas under Pa. R.C.P. 4009.21-4009.27 are directed to non-parties. LVHN is a party to this action. Discovery directed to parties proceeds under Pa. R.C.P. 4005 and 4009.1, not through non-party subpoena enforcement mechanisms. Plaintiff's reliance on subpoena contempt procedures against a party is procedurally improper.

Plaintiff has therefore failed to establish the existence of a clear and definite court order, failed to demonstrate notice of such order, failed to show a volitional violation, and failed to demonstrate wrongful intent. The extraordinary remedies requested, including civil contempt, coercive daily fines, and attorneys' fees, are unsupported by rule, statute, or record.

Without waiving the foregoing objections, Defendant responds to the brief numbered paragraphs in the Motion as follows:

1.    Denied. No Subpoena Duces Tecum was served upon LVHN, and no enforceable court order exists.

2.    Denied. A subpoena issued by a litigant is not a judicial contempt order, and Defendant has not violated any court mandate.

3.    Denied. Defendant denies engaging in willful, contumacious, or prejudicial

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

conduct.

    4.      Denied. Defendant denies obstructing discovery or causing unnecessary expense.

    5.      Denied. Defendant denies that contempt or coercive sanctions are warranted.

Accordingly, as Plaintiff cannot satisfy the elements required for civil contempt under Pennsylvania law, the Motion must be denied in its entirety.

**WHEREFORE**, Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion For Contempt For Failure To Comply With Subpoena Duces Tecum filed February 6, 2026.

**HOFFMAN & HLAVAC**

By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA 18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com

Date:   February 23, 2026                *Attorneys for Defendant, LVHN*

3

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania*: *Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Ryan S. Director___

Signature: _/s/Ryan S. Director___

Name: _____Ryan S. Director___

Attorney No.:___323361_____

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                          Plaintiff,         :        No. 2025-C-3928
        vs.                                  :
                                             :
LVHN,                                        :
                                             :
                          Defendant.         :

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion For Contempt For

Failure To Comply With Subpoena Duces Tecum to be served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney ID# 63911
    Ryan S. Director, Esquire
    Attorney ID# 323361
    1605 North Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002, Fax# 484-408-6018
    shoffman@hhe-law.com
    rdirector@hhe-law.com

Date:   February 23, 2026                    *Attorneys for Defendant, LVHN*

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                        Plaintiff,           :        No. 2025-C-3928
        vs.                                  :
                                             :
LVHN,                                        :
                                             :
                        Defendant.           :

## <u>ORDER OF COURT</u>

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion For Contempt For Failure To Comply With Subpoena Duces Tecum filed February 6,

2026, and Defendant's response thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                                    J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                :
                                     :
        Plaintiff,        :          No. 2025-C-3928
   vs.                                :
                                     :
LVHN,                                    :
                                     :
        Defendant.        :

## DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS UNDER PA. R.C.P. 4019

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby

files the within Response to Plaintiff's Motion For Discovery Sanctions Under Pa. R.C.P. 4019,

and in support thereof, avers as follows:

As Plaintiff's Motion for Discovery Sanctions is not pleaded in discrete, numbered factual

allegations to which a responsive pleading can reasonably be framed, Defendant submits this

Response in narrative form and specifically denies all allegations, averments, and purported claims

contained therein. Plaintiff's Motion for Discovery Sanctions is procedurally improper, factually

inaccurate, and legally unsupported. Sanctions under Pa. R.C.P. 4019 are not automatic and are

generally predicated upon a demonstrated failure to comply with a valid discovery obligation and,

in many instances, a prior court order compelling discovery. No such order exists in this matter.

No motion to compel has been granted. No directive of this Court has been issued requiring

Defendant to provide discovery. Accordingly, Plaintiff's request for punitive sanctions is

premature as a matter of law.

Further, Plaintiff's Motion fails to attach the alleged Interrogatories, Requests for

Production, or any certificate of service evidencing proper service. The Motion contains no proof

that discovery was served in accordance with the Pennsylvania Rules of Civil Procedure. Rule

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

4019 sanctions require an established discovery violation supported by record evidence; conclusory allegations of "willful," "dilatory," or "bad faith" conduct are insufficient. Critically, Plaintiff alleges that he served discovery on September 21, 2025. The docket reflects that the above-captioned action was not initiated until September 26, 2025. Discovery cannot be served in an action that does not yet exist. Any purported service five (5) days prior to the commencement of the case is a legal nullity and could not trigger obligations under Pa. R.C.P. 4005 or 4009.1. Plaintiff's motion is therefore factually and procedurally defective.

Additionally, to the extent pleadings were not yet closed or the matter was not procedurally postured for discovery, Plaintiff cannot demonstrate that Defendant violated any enforceable discovery obligation. Sanctions are reserved for clear, established noncompliance, not speculative or unsupported allegations. The extreme relief requested including deeming facts admitted, preclusion of evidence, striking pleadings, and fee-shifting is disproportionate and unsupported where no court order has been violated and no record of willful noncompliance exists.

Moreover, without waiving the foregoing objections, Defendant responds to Plaintiff's numbered allegations as follows:

1.    Denied. Plaintiff alleges that discovery was served on September 21, 2025; however, this action was not initiated until September 26, 2025. Any purported service prior to the commencement of the case is legally ineffective and could not create a discovery obligation. Moreover, Defendant specifically denies that discovery requests were served on LVHN on September 21, 2025.

2.    Denied. Because no valid discovery was served in a pending action or at all, no response deadline was triggered under Pa. R.C.P. 4006(a)(2) or 4009.12(a).

3.    Denied. Defendant did not fail to respond to properly served discovery in a pending

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

action.

4.    Denied. Plaintiff's allegation regarding "Good-Faith Correspondence" is unsupported by any attachment or proof of service and is denied. It is specifically denied that LVHN was served with the same.

5.    Denied. Defendant denies any failure to respond to valid discovery requests.

6.    Denied. Defendant denies that it is in violation of the Pennsylvania Rules of Civil Procedure.

Accordingly, because no enforceable discovery obligation has been violated, no court order has been entered compelling discovery, and Plaintiff has failed to establish any willful noncompliance under Pa. R.C.P. 4019, the Motion for Discovery Sanctions should be denied in its entirety.

**WHEREFORE**, Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion For Discovery Sanctions Under Pa. R.C.P. 4019 filed February 6, 2026.

**HOFFMAN & HLAVAC**


By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com

Date:___February 23, 2026_____    *Attorneys for Defendant, LVHN*

3

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania*: *Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Ryan S. Director

Signature: */s/Ryan S. Director*

Name:        Ryan S. Director

Attorney No.:    323361

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                          Plaintiff,         :     No. 2025-C-3928
          vs.                                :
                                             :
LVHN,                                        :
                                             :
                          Defendant.         :

### CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused true and correct copies of Defendant's Response to Plaintiff's Motion For Discovery

Sanctions Under Pa. R.C.P. 4019 to be served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney ID# 63911
    Ryan S. Director, Esquire
    Attorney ID# 323361
    1605 North Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002, Fax# 484-408-6018
    shoffman@hhe-law.com
    rdirector@hhe-law.com
Date:__February 23, 2026_____    *Attorneys for Defendant, LVHN*

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,           :
                                           :
                 Plaintiff,       :     No. 2025-C-3928
     vs.                            :
                                           :
LVHN,                            :
                                         :
              Defendant.    :

### **ORDER OF COURT**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion For Discovery Sanctions Under Pa. R.C.P. 4019 filed February 6, 2026, and Defendant's

response thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,            :
                                     :
                    Plaintiff,       :        No. 2025-C-3928
        vs.                          :
                                     :
LVHN,                                :
                                     :
                    Defendant.       :

### DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR VIOLATION OF STATUTORY CONFIDENTIALITY UNDER THE PENNSYLVANIA PEER REVIEW PROTECTION ACT

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion For Sanctions For Violation Of Statutory Confidentiality Under The Pennsylvania Peer Review Protection Act, and in support thereof, avers as follows:

As Plaintiff's Motion is not pleaded in discrete, numbered allegations to which a responsive pleading can reasonably be framed, Defendant submits this Response in narrative form and specifically denies all allegations, averments, and purported claims contained therein.

Plaintiff's Motion is procedurally improper and legally unsustainable. The Pennsylvania Peer Review Protection Act ("PRPA"), 63 P.S. § 425.4, is a statutory confidentiality and privilege provision governing the discoverability and admissibility of peer review committee proceedings and records. It does not create an independent cause of action for sanctions, does not authorize fee-shifting, and does not provide a litigation penalty mechanism under Pa. R.C.P. 4019. Rule 4019 governs discovery violations; Plaintiff does not identify any discovery order violated, any failure to answer discovery, or any conduct implicating Rule 4019. No Order of Court has been entered compelling production of peer review materials, and no such Order has been disobeyed.

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

To the extent Plaintiff alleges improper "use" or "dissemination" of confidential information, such allegations go to the substantive merits of Plaintiff's underlying claims or to evidentiary admissibility questions, not to sanctionable litigation misconduct. A party cannot obtain damages or substantive relief through a motion for sanctions where the alleged conduct forms part of the merits dispute itself. If Plaintiff believes he is entitled to monetary relief for an alleged statutory violation, such relief must be pursued through properly pleaded claims and proven at trial, not through a collateral sanctions motion.

Moreover, the Motion fails to identify with specificity any particular document, filing, communication, or conduct that purportedly violated the PRPA. It attaches no allegedly confidential material, provides no evidentiary support, and offers only conclusory assertions of "willful" or "retaliatory" conduct. Sanctions require a clear record of misconduct; vague allegations are insufficient.

Finally, even if the PRPA were implicated, it operates as a privilege protecting certain peer review committee proceedings from disclosure. It does not automatically render all related information confidential, nor does it create a basis for punitive sanctions absent a clear and demonstrated violation of a court directive. No such showing has been made here.

Accordingly, Plaintiff's Motion is procedurally defective, legally unsupported, and should be denied in its entirety. Without waiving the foregoing objections, Defendant responds to Plaintiff's numbered allegations as follows:

1.      Denied. Defendant denies the characterization of Plaintiff's professional activities as relevant to any sanctionable conduct.

2.      Denied. Defendant denies obtaining or improperly using confidential peer review materials in violation of the PRPA.

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928        /s/VN

3.      Denied. Defendant denies that any conduct was intentional, improper, retaliatory, or undertaken with knowledge of wrongdoing.

4.      Denied. Defendant denies that Plaintiff suffered prejudice as a result of any sanctionable conduct.

Accordingly, as Plaintiff has failed to establish any discovery violation under Pa. R.C.P. 4019, any violation of a court order, or any statutory basis for sanctions under the PRPA, the Motion must be denied.

**WHEREFORE,** Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion For Sanctions For Violation Of Statutory Confidentiality Under The Pennsylvania Peer Review Protection Act filed February 6, 2026.

**HOFFMAN & HLAVAC**


By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
*Attorneys for Defendant, LVHN*

Date:__February 23, 2026_____

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Ryan S. Director

Signature:  */s/Ryan S. Director*

Name:            Ryan S. Director

Attorney No.:    323361

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,         :
                                   :
             Plaintiff,       :     No. 2025-C-3928
   vs.                         :
                                   :
LVHN,                        :
                                   :
             Defendant.    :

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion For Sanctions For

Violation Of Statutory Confidentiality Under The Pennsylvania Peer Review Protection Act to

be served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney ID# 63911
    Ryan S. Director, Esquire
    Attorney ID# 323361
    1605 North Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002, Fax# 484-408-6018
    shoffman@hhe-law.com
    rdirector@hhe-law.com
Date:__February 23, 2026_____    *Attorneys for Defendant, LVHN*

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                  :
                                           :
                       Plaintiff,          :        No. 2025-C-3928
        vs.                                :
                                           :
LVHN,                                      :
                                           :
                       Defendant.          :

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion For Sanctions For Violation Of Statutory Confidentiality Under The Pennsylvania Peer

Review Protection Act filed February 6, 2026, and Defendant's response thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                        J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN S. MISSANELLI, D.O., | : | |
| | : | |
| Plaintiff, | : | No. 2025-C-3928 |
| vs. | : | |
| | : | |
| LVHN, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS FOR VIOLATION OF THE PENNSYLVANIA PEER REVIEW PROTECTION ACT (63 P.S. § 425.4)

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion For Sanctions For Violation Of The Pennsylvania Peer Review Protection Act (63 P.S. § 425.4), and in support thereof, avers as follows:

As Plaintiff's Motion is not pleaded in discrete, numbered allegations to which a responsive pleading can reasonably be framed, Defendant submits this Response in narrative form and specifically denies all allegations, averments, and purported claims contained therein.

Plaintiff's Motion is procedurally improper and legally unsupported. The Pennsylvania Peer Review Protection Act ("PRPA"), 63 P.S. § 425.4, is a confidentiality and evidentiary privilege statute governing the discoverability and admissibility of certain peer review committee proceedings and records. It does not create an independent cause of action for sanctions, does not provide a fee-shifting mechanism, and does not authorize the striking of expert testimony as a litigation penalty. Plaintiff cites no Rule of Civil Procedure empowering this Court to impose sanctions for an alleged statutory violation of the PRPA. No discovery violation is alleged. No discovery order has been entered. No court directive has been disobeyed. Accordingly, there is no grounds for sanctions.

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

To the extent Plaintiff alleges "improper disclosure" of peer-review-protected materials, the Motion fails to identify with specificity any particular document, committee record, or proceeding that qualifies as protected under the statute. No allegedly confidential material is attached. No affidavit is provided. No evidentiary showing is made that the materials at issue constitute privileged review committee proceedings within the meaning of the PRPA. Conclusory assertions of "disclosure" and "taint" are insufficient to warrant sanctions.

Moreover, Plaintiff improperly conflates peer review privilege law with expert admissibility standards. Whether an expert meets the requirements of the MCARE Act or professional ethical standards is an evidentiary issue addressed through appropriate motions in limine or expert challenges, not through a sanctions motion under a statute that provides no sanctioning mechanism. The PRPA does not regulate who may serve as an expert witness and does not prohibit a party from consulting materials lawfully in its possession for purposes of litigation, absent a demonstrated and specific statutory violation.

Plaintiff further asserts that Defendant's expert is "tainted" and that any opinions formed through alleged exposure to peer review materials must be stricken. That argument concerns admissibility and weight of expert testimony and must be resolved, if at all, through the established evidentiary framework. It is not a basis for sanctions. Plaintiff cites no authority holding that an alleged PRPA issue automatically renders expert testimony inadmissible or mandates punitive relief. Moreover, Defendant has not determined what expert, if any, will be retained.

Finally, Plaintiff has not demonstrated prejudice, bad faith, or willful misconduct. No record exists of improper disclosure, no court order has been violated, and no discovery abuse has been established. The extraordinary relief requested, including suppression of testimony and sanctions, is unsupported by statute, rule, or case law.

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VN

Without waiving the foregoing objections, Defendant responds to the brief numbered paragraphs in the Motion as follows:

1.     Admitted in part and denied in part. Defendant admits Plaintiff practiced medicine in Pennsylvania. All remaining characterizations are denied as irrelevant to any sanctionable conduct.

2.     Denied. Defendant denies that it has improperly relied upon protected peer review materials in violation of the PRPA.

3.     Denied. Defendant denies disclosing protected peer review materials to an unqualified individual or engaging in any improper conduct. Defendant further denies that its expert fails to meet applicable legal standards.

4.     Denied. Defendant denies that any materials at issue fall squarely within PRPA protection or were disclosed in violation of 63 P.S. § 425.4.

5.     Denied. Defendant denies that its expert's opinions are tainted, unlawfully derived, or subject to suppression.

Accordingly, as Plaintiff has failed to identify any procedural authority authorizing sanctions, failed to demonstrate violation of any court order, failed to establish a discovery violation, and failed to make a factual showing of improper disclosure under the PRPA, the Motion must be denied in its entirety.

**WHEREFORE**, Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion For Sanctions For Violation Of The Pennsylvania Peer Review Protection Act (63 P.S. § 425.4) filed February 6, 2026.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

**HOFFMAN & HLAVAC**

By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
*Attorneys for Defendant, LVHN*

Date:___February 23, 2026_____

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania*: *Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Ryan S. Director___

Signature: _/s/Ryan S. Director_____

Name: _____Ryan S. Director___

Attorney No.:___323361_____

5

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                    Plaintiff,               :        No. 2025-C-3928
        vs.                                  :
                                             :
LVHN,                                        :
                                             :
                    Defendant.               :

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion For Sanctions For

Violation Of The Pennsylvania Peer Review Protection Act (63 P.S. § 425.4) to be served upon

Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney ID# 63911
    Ryan S. Director, Esquire
    Attorney ID# 323361
    1605 North Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002, Fax# 484-408-6018
    shoffman@hhe-law.com
    rdirector@hhe-law.com
Date:__February 23, 2026_____    *Attorneys for Defendant, LVHN*

6

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,        :
                                 :
              Plaintiff,        :        No. 2025-C-3928
      vs.                              :
                                   :
LVHN,                                 :
                                   :
              Defendant.      :

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion For Sanctions For Violation Of The Pennsylvania Peer Review Protection Act (63 P.S. §

425.2) filed February 6, 2026, and Defendant's response thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                          J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,         :
                                         :
                    Plaintiff,     :     No. 2025-C-3928
    vs.                             :
                                         :
LVHN,                              :
                                         :
                  Defendant.    :

**DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS
FOR BREACH OF CONFIDENTIALITY AND UNAUTHORIZED USE OF
PRIVILEGED MATERIALS**

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby

files the within Response to Plaintiff's Motion For Sanctions For Breach Of Confidentiality And

Unauthorized Use Of Privileged Materials, and in support thereof, avers as follows:

As Plaintiff's Motion is not pleaded in discrete, numbered allegations to which a responsive

pleading can reasonably be framed, and consists largely of conclusory assertions and legal

argument unsupported by evidentiary attachment or procedural authority, Defendant submits this

Response in narrative form and specifically denies all allegations, averments, and purported claims

contained therein.

Plaintiff's Motion is procedurally improper and legally unsupported. Although Plaintiff

invokes the Court's "inherent authority," he cites no Rule of Civil Procedure, no statute authorizing

sanctions, and no case law establishing a sanctioning mechanism for the conduct alleged. Sanctions

are not available merely because a party asserts a breach of confidentiality; rather, sanctions

require violation of a court order, discovery abuse under the Rules, or demonstrable litigation

misconduct supported by record evidence. None has been shown here.

The Motion fails to identify with specificity any particular document, communication, or

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

material allegedly protected by the Pennsylvania Peer Review Protection Act, 63 P.S. § 425.4 ("PRPA") or other privilege that was disclosed or misused. No exhibits are attached. No affidavit is provided. No evidentiary record is cited. The Motion contains only broad assertions of "unauthorized disclosure," "attempted acquisition," and "litigation advantage," without identifying the material at issue, the manner of alleged disclosure, or the legal basis for concluding that the material qualifies as privileged.

The PRPA is a confidentiality and evidentiary privilege statute. It governs discoverability and admissibility of review committee proceedings and records. It does not create an independent cause of action for sanctions, does not provide for fee-shifting, and does not authorize automatic striking of expert testimony or pleadings. Plaintiff's attempt to convert an alleged statutory confidentiality dispute into punitive litigation sanctions is legally improper.

Further, Plaintiff's assertion that Defendant "did nothing to incorporate or reference" certain protected information directly contradicts the claim of misuse. If the information was not incorporated or referenced in filings or proceedings, no litigation prejudice has occurred. Plaintiff's alleged harm including "reputational harm," "tainting expert review," and "distorting discovery" is conclusory and unsupported.

To the extent Plaintiff challenges expert qualifications or alleged reliance on certain materials, such issues are properly addressed through evidentiary motions, motions in limine, or expert admissibility challenges, not through sanctions motions seeking admonishment, striking of pleadings, or fee awards.

Finally, Plaintiff's proposed order (page 3) seeks sweeping remedies including admonishment of counsel, prohibition of future conduct, striking of filings, and attorney's fees. These remedies require a clear evidentiary showing of willful misconduct or violation of a court

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

directive. Plaintiff has not demonstrated the existence of any court order that was violated, any discovery order that was disobeyed, or any specific privileged material improperly disclosed.

Without waiving the foregoing objections, Defendant responds to Plaintiff's factual bullet points contained in the Motion as follows:

- Denied. Defendant denies disclosing, attempting to disclose, or improperly using protected peer review materials in violation of the PRPA.

- Denied. Defendant denies engaging in any unauthorized acquisition of privileged materials.

- Denied. Defendant denies causing prejudice, tainting expert review, distorting discovery, or undermining statutory protections.

- Denied. Defendant denies breaching any statutory, ethical, or court-recognized confidentiality obligation.

Accordingly, as Plaintiff has failed to identify a procedural basis for sanctions, failed to establish violation of any court order, failed to attach or identify specific protected materials, and failed to demonstrate prejudice or misconduct supported by record evidence, the Motion must be denied in its entirety.

**WHEREFORE,** Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion For Sanctions For Breach Of Confidentiality And Unauthorized Use Of Privileged Materials filed February 6, 2026.

**HOFFMAN & HLAVAC**

By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509

3

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
*Attorneys for Defendant, LVHN*

Date:___February 23, 2026_____

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania*: *Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:   Ryan S. Director

Signature: /s/*Ryan S. Director*

Name:          Ryan S. Director

Attorney No.:   323361

5

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN S. MISSANELLI, D.O., | : | |
| | : | |
| Plaintiff, | : | No. 2025-C-3928 |
| vs. | : | |
| | : | |
| LVHN, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion For Sanctions For

Breach Of Confidentiality And Unauthorized Use Of Privileged Materials to be served upon

Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
   Steven E. Hoffman, Esquire
   Attorney ID# 63911
   Ryan S. Director, Esquire
   Attorney ID# 323361
   1605 North Cedar Crest Blvd., Suite 509
   Allentown, PA  18104
   Direct# 484-408-6002, Fax# 484-408-6018
   shoffman@hhe-law.com
   rdirector@hhe-law.com

Date:__February 23, 2026_____    *Attorneys for Defendant, LVHN*

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                    Plaintiff,               :        No. 2025-C-3928
          vs.                                :
                                             :
LVHN,                                        :
                                             :
                    Defendant.               :

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion For Sanctions For Breach Of Confidentiality And Unauthorized Use Of Privileged

Materials filed February 6, 2026, and Defendant's response thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                    J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                  :
                                       :
               Plaintiff,      :        No. 2025-C-3928
    vs.                                :
                                       :
LVHN,                                      :
                                       :
             Defendant.       :

## DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion To Compel Discovery Responses, and in support thereof, avers as follows:

As Plaintiff's Motion is not supported by attached discovery requests, proof of service, or evidentiary documentation establishing a valid discovery dispute, Defendant responds in narrative form and specifically denies all allegations, averments, and purported claims.

Plaintiff's Motion to Compel is procedurally deficient and legally unsupported. Although Plaintiff alleges that interrogatories and requests for production were served in November 2025, he attaches no copy of the discovery requests, no certificate of service, no affidavit of mailing, and no documentary proof that LVHN was properly served pursuant to Pa. R.C.P. 4005 and 4009.12. A motion to compel must identify the specific discovery requests at issue so that the Court may evaluate scope, relevance, and privilege. Without the requests themselves, the Court cannot determine whether the discovery was proper, overbroad, or subject to objection.

Further, Plaintiff alleges that LVHN provided "no responses, objections, or requests for extension." This conclusory assertion is unsupported by record evidence. No correspondence is attached demonstrating good faith efforts to resolve the dispute as required before seeking court

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

intervention.

Additionally, the Motion improperly expands beyond a discovery dispute. On page 3, Plaintiff argues that certain materials are "not protected under PRPA or PSQIA" and seeks relief including sanctions, adverse inference, vacating disciplinary actions, reversal of peer-review decisions, and damages in discrimination/retaliation cases. Such relief far exceeds the scope of a Rule 4019 motion to compel and improperly attempts to litigate the merits of the underlying claims within a procedural discovery motion.

A motion to compel addresses whether specific discovery must be answered. It does not authorize ignoring of institutional decisions, reversal of peer review determinations, or damages awards. Those are merits-based remedies that may only be addressed through properly pleaded claims and adjudication.

Moreover, sanctions under Pa. R.C.P. 4019 are generally predicated upon a failure to comply with a discovery obligation or violation of a court order. No Order compelling discovery has been entered in this matter. Plaintiff has not demonstrated willful noncompliance, prejudice, or obstruction supported by record evidence.

Without waiving the foregoing objections, Defendant responds to the brief numbered paragraphs in the Motion as follows:

1.      Denied. Defendant denies that properly served discovery requests requiring response were received in the manner alleged. Defendant further denies that Plaintiff has established proper service under the Rules.

2.      Denied. Defendant denies failing to respond to valid, properly served discovery requests.

3.      Admitted that Pa. R.C.P. 4003.1 governs the scope of discovery. The remaining

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

characterization is a legal conclusion and denied.

4. Denied. Defendant denies violating any discovery obligation under the Pennsylvania Rules of Civil Procedure.

5. Admitted that courts possess discretion regarding discovery management. The remaining characterization is denied.

6. Denied. Defendant denies that Plaintiff satisfied any good faith certification requirement supported by documentary evidence.

7. Denied. Defendant denies that Plaintiff has demonstrated prejudice resulting from any alleged discovery dispute.

Accordingly, because Plaintiff has failed to attach the discovery requests, failed to establish proper service, failed to demonstrate a valid discovery violation, and improperly seeks merits-based relief beyond the scope of a motion to compel, the Motion must be denied.

**WHEREFORE**, Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion To Compel Discovery Responses filed February 6, 2026.

**HOFFMAN & HLAVAC**

By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA 18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
*Attorneys for Defendant, LVHN*

Date:__February 23, 2026_____

3

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania*: *Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Ryan S. Director___

Signature: _/s/*Ryan S. Director*_____

Name: _____Ryan S. Director___

Attorney No.:___323361_____

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN S. MISSANELLI, D.O., | : | |
| | : | |
| Plaintiff, | : | No. 2025-C-3928 |
| vs. | : | |
| | : | |
| LVHN, | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion To Compel

Discovery Responses to be served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com


**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
*Attorneys for Defendant, LVHN*

Date:   February 23, 2026

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                        Plaintiff,           :       No. 2025-C-3928
        vs.                                  :
                                             :
LVHN,                                        :
                                             :
                        Defendant.           :

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion To Compel Discovery Responses filed February 6, 2026, and Defendant's response

thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                                        J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                          Plaintiff,         :        No. 2025-C-3928
            vs.                              :
                                             :
LVHN,                                        :
                                             :
                          Defendant.         :

## DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE SUBPOENA DUCES TECUM

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion To Enforce Subpoena Duces Tecum, and in support thereof, avers as follows:

As Plaintiff's Motion is not pleaded in discrete, numbered allegations to which a responsive pleading can reasonably be framed, Defendant submits this Response in narrative form and specifically denies all allegations, averments, and purported claims contained therein.

Plaintiff's Motion to Enforce Subpoena Duces Tecum is procedurally and legally defective. As a threshold matter, no Subpoena Duces Tecum was ever served upon Lehigh Valley Health Network ("LVHN"). Defendant has not been served with any subpoena in this matter. Plaintiff provides no copy of the alleged subpoena, no affidavit of service, no proof of mailing, and no evidence demonstrating that LVHN was properly served pursuant to Pa. R.C.P. 4009.21–4009.27. The Motion itself fails to identify when the subpoena was allegedly served. Absent proof of valid service, there is nothing to enforce. Even assuming *arguendo* that a subpoena existed, Plaintiff fails to attach the alleged subpoena to the Motion. The Court is therefore unable to review the scope, date, method of service, or substance of the documents purportedly requested. Enforcement relief cannot be granted based on unsupported allegations.

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VN

Additionally, subpoenas under Pa. R.C.P. 4009.21-4009.27 are directed to non-parties. LVHN is a party to this action. Discovery directed to a party is not accomplished by subpoena but by the standard discovery mechanisms set forth in the Rules. Plaintiff's attempt to invoke non-party subpoena enforcement procedures against a party is procedurally improper.

Plaintiff further alleges that LVHN failed to file a "Certificate of Compliance" under Pa. R.C.P. 4009.27. That Rule applies to responses by non-parties to subpoenas. It does not impose such a requirement upon parties, nor does it create automatic waiver or contempt absent a valid, properly served subpoena. Moreover, no court order has been entered compelling compliance with any discovery request or subpoena. Plaintiff has not obtained an Order of Court directing LVHN to produce documents. Contempt, waiver of objections, adverse inference instructions, and attorney's fees are extraordinary remedies reserved for clear violations of enforceable court directives. No such violation exists here.

Finally, Plaintiff's conclusory assertions of "willful," "bad faith," or "obstruction" are unsupported by affidavit, documentary evidence, or record citation. No prejudice has been established and the motion rests entirely on unsupported allegations.

Without waiving the foregoing objections, Defendant responds to the brief numbered paragraphs in the Motion as follows:

1.     Denied. Defendant denies that a properly issued and properly served Subpoena Duces Tecum was served upon LVHN. Defendant further denies that the cited statutory provisions govern discovery between parties in this action.

2.     Denied. Defendant denies willfully ignoring any valid subpoena. Defendant further denies that Pa. R.C.P. 4009.27 applies to LVHN as a party.

3.     Denied. Defendant denies violating any court-authorized command or obstructing

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

discovery.

4.      Denied. Defendant denies engaging in any pattern of dilatory or bad-faith conduct.

5.      Denied. Defendant denies that Plaintiff has established valid service, good faith compliance efforts, or any enforceable discovery obligation.

Accordingly, as no subpoena was served upon LVHN, no proof of service has been provided, no enforceable discovery obligation has been established, and no court order has been violated, Plaintiff's Motion to Enforce Subpoena Duces Tecum must be denied in its entirety.

**WHEREFORE**, Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's Motion To Enforce Subpoena Duces Tecum filed February 6, 2026.

**HOFFMAN & HLAVAC**

By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com

Date:  February 23, 2026        *Attorneys for Defendant, LVHN*

3

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania*: *Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:    Ryan S. Director

Signature:  /s/*Ryan S. Director*

Name:          Ryan S. Director

Attorney No.:    323361

4

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Plaintiff,　　　　　　:　　　No. 2025-C-3928
　　　vs.　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
LVHN,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　Defendant.　　　　　　:

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion To Enforce

Subpoena Duces Tecum to be served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
　　Steven E. Hoffman, Esquire
　　Attorney ID# 63911
　　Ryan S. Director, Esquire
　　Attorney ID# 323361
　　1605 North Cedar Crest Blvd., Suite 509
　　Allentown, PA  18104
　　Direct# 484-408-6002, Fax# 484-408-6018
　　shoffman@hhe-law.com
　　rdirector@hhe-law.com
Date:　February 23, 2026　　　　　　　　*Attorneys for Defendant, LVHN*

5

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,          :
                                   :
                    Plaintiff,     :        No. 2025-C-3928
        vs.                        :
                                   :
LVHN,                              :
                                   :
                    Defendant.     :

## ORDER OF COURT

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion To Enforce Subpoena Duces Tecum filed February 6, 2026, and Defendant's response

thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                        J.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,          :
                                      :
                    Plaintiff,       :      No. 2025-C-3928
    vs.                           :
                                        :
LVHN,                           :
                                        :
                  Defendant.    :

## DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S "MOTION FOR SUMMARY JUDGMENT"

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion For Summary Judgment[1], and in support thereof, avers as follows:

Plaintiff's filing is captioned as a "Motion for Summary Judgment," however, the document contains no actual summary judgment motion within the meaning of Pa. R.C.P. 1035.2. The only substantive portion of the filing is a section entitled "Statement of Undisputed Material Facts," which consists solely of conclusory assertions and legal characterizations rather than a motion demonstrating entitlement to judgment as a matter of law. The filing does not include a developed legal argument, citation to Pa. R.C.P. 1035.2, reference to any evidentiary record, affidavits, deposition testimony, admissions, interrogatory responses, or other competent evidence. Moreover, the pleadings are not closed, no discovery has been propounded or completed, and the record is undeveloped, rendering any request for summary disposition premature as a matter of law. The filing further fails to comply with the Pennsylvania Rules of Civil Procedure and the Local Rules of Civil Procedure of Lehigh County governing motion practice, and contains no

---

[1] It appears that Plaintiff's purported "Motion For Summary Judgment" was filed twice on the docket in the above-captioned matter. Defendant LVHN submits this Response in opposition to both filings to the extent they are duplicative.

1

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

"Wherefore" clause or articulated request for entry of judgment.

To the extent the section entitled "Statement of Undisputed Material Facts" is construed as Plaintiff's summary judgment motion, Defendant responds as follows:

1.      Denied. This assertion is conclusory, unsupported by record evidence, and fails to establish the absence of a genuine issue of material fact as required under Pa. R.C.P. 1035.2.

2.      Denied. It is specifically denied that Plaintiff was qualified for his position and strict proof thereof is demanded at the time of trial. This statement constitutes a legal conclusion and is not supported by competent record evidence.

3.      Denied. It is specifically denied that Plaintiff performed his duties competently and strict proof thereof is demanded at the time of trial. Genuine issues of material fact exist, and no evidentiary support is cited.

4.      Denied. It is specifically denied that Plaintiff suffered adverse employment actions and strict proof thereof is demanded at the time of trial. This assertion is unsupported, disputed and a legal conclusion.

5.      Denied. It is specifically denied that younger employees were treated more favorably and strict proof thereof is demanded at the time of trial. This allegation is a legal characterization and not a properly supported material fact.

6.      Denied. It is specifically denied that Defendant made age-related comments or engaged in age-related conduct and strict proof thereof is demanded at the time of trial. This is a conclusory allegation lacking citation to admissible evidence.

7.      Denied. It is specifically denied that Defendant's stated reasons for its actions have shifted over time and strict proof thereof is demanded at the time of trial. This assertion is argumentative and unsupported by record evidence.

2

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

8.    Denied. It is specifically denied that Defendant made false or inflammatory allegations against Plaintiff and strict proof thereof is demanded at the time of trial. This statement is conclusory and disputed.

9.    Denied. This allegation lacks evidentiary support, is disputed and is denied as a conclusion of law.

10.    Denied. It is specifically denied that Defendant's conduct is consistent with discriminatory or retaliatory motive and strict proof thereof is demanded at the time of trial. This assertion is a legal conclusion regarding motive and does not constitute an undisputed material fact supported by the record.

Based on the above, Plaintiff has failed to meet the burden imposed by Pa. R.C.P. 1035.2, and the filing should be denied in its entirety.

**WHEREFORE,** Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's "Motion For Summary Judgment" filed February 6, 2026.

**HOFFMAN & HLAVAC**


By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA  18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
Date:   February 23, 2026                 *Attorneys for Defendant, LVHN*

3

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the*
*Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that
require filing confidential information and documents differently than non-confidential
information and documents.

Submitted by:    Ryan S. Director

Signature: /s/*Ryan S. Director*

Name:              Ryan S. Director

Attorney No.:    323361

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,     :
             :
      Plaintiff,   :  No. 2025-C-3928
  vs.          :
             :
LVHN,          :
             :
      Defendant.  :

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion For Summary

Judgment to be served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
  Steven E. Hoffman, Esquire
  Attorney ID# 63911
  Ryan S. Director, Esquire
  Attorney ID# 323361
  1605 North Cedar Crest Blvd., Suite 509
  Allentown, PA  18104
  Direct# 484-408-6002, Fax# 484-408-6018
  shoffman@hhe-law.com
  rdirector@hhe-law.com
Date:__February 23, 2026_____  *Attorneys for Defendant, LVHN*

5

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,        :
                                     :
                Plaintiff,     :     No. 2025-C-3928
    vs.                          :
                                     :
LVHN,                         :
                                   :
                Defendant.   :

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion For Summary Judgment[1] filed February 6, 2026, and Defendant's response thereto;

IT IS ORDERED THAT said motion is DENIED.

BY THE COURT:

_____
                                                J.

---

[1] It appears that Plaintiff's purported "Motion For Summary Judgment" was filed twice on the docket in the above-captioned matter on February 6, 2026.

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | | |
|---|---|---|
| JOHN S. MISSANELLI, D.O., | : | |
| | : | |
| Plaintiff, | : | No. 2025-C-3928 |
| vs. | : | |
| | : | |
| LVHN, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT LVHN'S RESPONSE TO PLAINTIFF'S "MOTION TO COMPEL"**

Defendant, LVHN, by and through its undersigned counsel, Hoffman & Hlavac, hereby files the within Response to Plaintiff's Motion To Compel[1], and in support thereof, avers as follows:

As Plaintiff's purported "Motion to Compel" does not contain numbered paragraphs or discrete allegations to which a responsive pleading can reasonably be framed, Defendant submits this response in narrative form and specifically denies all allegations, averments, and purported claims contained therein. Plaintiff's filing is procedurally improper and legally defective in multiple respects. First, it fails to satisfy Pa. R.C.P. 4019(a), which permits a motion to compel only where a party has failed to answer interrogatories (Pa. R.C.P. 4005), produce documents (Pa. R.C.P. 4009.1), or respond to other properly served discovery. Here, Plaintiff has not served any interrogatories, requests for production, requests for admission, or deposition notices pursuant to Pa. R.C.P. 4007.1 and, therefore, there is nothing for this Court to compel. Second, the filing does not identify any specific discovery request, does not attach any allegedly deficient responses, and does not certify any good faith effort to resolve a discovery dispute as contemplated by the Pennsylvania Rules of Civil Procedure and the Lehigh County Local Rules governing motion

---

[1] It appears that Plaintiff's purported "Motion to Compel" was filed twice on the docket in the above-captioned matter. Defendant LVHN submits this Response in opposition to both filings to the extent they are duplicative.

1

practice. Third, although captioned as a "Motion to Compel," the document contains no discovery-related argument whatsoever and instead advances substantive merits arguments under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), concerning alleged pretext in an employment discrimination claim, issues that have no connection to discovery and cannot be raised under the guise of a motion to compel. Finally, the filing contains no "Wherefore" clause or prayer for relief specifying the precise order sought from this Court. Accordingly, the filing is procedurally deficient, substantively improper, and should be denied in its entirety.

**WHEREFORE**, Defendant, LVHN, respectfully requests that this Honorable Court deny Plaintiff's "Motion to Compel" filed February 6, 2026.

**HOFFMAN & HLAVAC**

By: *Steven E. Hoffman*
Steven E. Hoffman, Esquire
Attorney ID# 63911
Ryan S. Director, Esquire
Attorney ID# 323361
1605 North Cedar Crest Blvd., Suite 509
Allentown, PA 18104
Direct# 484-408-6002, Fax# 484-408-6018
shoffman@hhe-law.com
rdirector@hhe-law.com
*Attorneys for Defendant, LVHN*

Date:  February 23, 2026

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/VN

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Ryan S. Director___

Signature: /s/*Ryan S. Director*_____

Name: _____Ryan S. Director___

Attorney No.:___323361_____

FILED 2/23/2026 11:39 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                           :
                                                    :
                              Plaintiff,            :        No. 2025-C-3928
        vs.                                         :
                                                    :
LVHN,                                               :
                                                    :
                              Defendant.            :

## CERTIFICATE OF SERVICE

I, Steven E. Hoffman, Esquire, do herby certify that on the 23rd day of February, 2026, I

caused  true and correct copies of Defendant's Response to Plaintiff's Motion To Compel to be

served upon Plaintiff via e-mail at:

John S. Missanelli, D.O.
jmissanelligrob@aol.com

**HOFFMAN & HLAVAC**

By: *s/Steven E. Hoffman*
    Steven E. Hoffman, Esquire
    Attorney ID# 63911
    Ryan S. Director, Esquire
    Attorney ID# 323361
    1605 North Cedar Crest Blvd., Suite 509
    Allentown, PA  18104
    Direct# 484-408-6002, Fax# 484-408-6018
    shoffman@hhe-law.com
    rdirector@hhe-law.com
Date:__ February 23, 2026_____         *Attorneys for Defendant, LVHN*

4

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

JOHN S. MISSANELLI, D.O.,                    :
                                             :
                        Plaintiff,           :        No. 2025-C-3928
        vs.                                  :
                                             :
LVHN,                                        :
                                             :
                        Defendant.           :

## ORDER OF COURT

        AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiff's

Motion To Compel[1] filed February 6, 2024, and Defendant's response thereto;

        IT IS ORDERED THAT said motion is DENIED.

                                        BY THE COURT:


                                        _____
                                                                    J.


---

[1] It appears that Plaintiff's purported "Motion to Compel" was filed twice on the docket in the above-captioned matter on February 6, 2026.

# EXHIBIT "I"

2/25/26, 1:42 PM
Case 5:26-cv-01237   Document 1   Filed 02/25/26   Page 123 of 167
publicaccess.lehighcounty.org/CaseDetail.aspx?CaseID=1048211

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back       Location : Judicial Records    Images Help

# REGISTER OF ACTIONS
## CASE NO. 2025-C-3928

| | | |
|---|---|---|
| John S Missanelli - VS - Lehigh Valley Health Network | § § § § § | Case Type: **Contract Employment Dispute - Discrimination**<br>Date Filed: **09/26/2025**<br>Location: **Civil Records** |

---

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** | **Lehigh Valley Health Network** | | **Attorneys**<br>**Steven E Hoffman, Esq**<br>*Retained*<br>484-408-6001(W) |
| | | | **Ryan S Director, Esq**<br>*Retained*<br>484-408-6001(W) |
| **Plaintiff** | **Missanelli, John S** | | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

**HEARINGS**

| | |
|---|---|
| 01/20/2026 | **Hearing** (9:00 AM) (Judicial Officer Johnson, J. Brian)<br>*on the issue of Disclosure*<br>Result: Hearing Held |
| 02/19/2026 | *CANCELED* **Status Conference** (11:00 AM) (Judicial Officer Johnson, J. Brian)<br>*Stricken* |

**OTHER EVENTS**

| | |
|---|---|
| 09/26/2025 | **Contract Employment Dispute-Discrimination** |
| 09/26/2025 | **New Action Complaint**<br>*See orig.* |
| 09/26/2025 | **Correspondence**<br>*Filed by Pltf* |
| 09/26/2025 | **Motion**<br>*Filed by Pltf* |
| 09/26/2025 | **Motion**<br>*Filed by Pltf* |
| 10/23/2025 | **Order**<br>*Pltf's Motion is Dismissed. See orig. /s/ JBJ. Copies & 236 notice mld/dktd 10/23/25.* |
| 11/24/2025 | **Order**<br>*Motion is Dismissed. See orig. /s/ JBJ. Copies & 236 notice mld/dktd 11/24/25* |
| 11/25/2025 | **Notice**<br>*Filed by J B Johson, P J. Exhibit(s) attached. Copies & 236 notice mld/dktd 12/3/25* |
| 12/02/2025 | **Status Conference Scheduling Order**<br>*Copies and 236 notice mld/dktd 12/2/25* |
| 01/09/2026 | **Order**<br>*Hearing will be held 1/20/26. See Orig. /s/ JBJ. Copies & 236 notice mld/dktd 1/9/2026.* |
| 01/19/2026 | **Praecipe for Appearance**<br>*by S Hoffman, Esq. for Dft* |
| 01/20/2026 | **Exhibits** |
| 01/21/2026 | **Order**<br>*Undersigned does not disqualify himself. See Orig. /s/ JBJ. Copies & 236 notice mld/dktd 1/22/2026.* |
| 01/25/2026 | **Certificate of Merit as to Dft**<br>*Filed by Pltf.* |
| 01/26/2026 | **Answer - Reply - Response to Motion**<br>*Filed by pltf.* |
| 02/06/2026 | **Motion**<br>*Filed by Pltf* |
| 02/06/2026 | **Motion**<br>*Filed by Pltf* |
| 02/06/2026 | **Statement**<br>*Filed by Pltf* |
| 02/06/2026 | **Motion**<br>*Filed by Pltf* |
| 02/06/2026 | **Statement**<br>*Filed by Pltf* |
| 02/06/2026 | **Motion**<br>*Filed by Pltf* |
| 02/06/2026 | **Motion**<br>*Filed by Pltf* |
| 02/06/2026 | **Memorandum**<br>*Filed by Pltf* |

2/25/26, 1:42 PM
Case 5:26-cv-01237    Document 1    Filed 02/25/26    Page 124 of 167
publicaccess.lehighcounty.org/CaseDetail.aspx?CaseID=1048211

| | |
|---|---|
| 02/06/2026 | **Motion** |
| | *Filed by Pltf* |
| 02/06/2026 | **Motion** |
| | *Filed by Pltf* |
| 02/06/2026 | **Motion** |
| | *Filed by Pltf* |
| 02/06/2026 | **Exhibits (Proposed)** |
| 02/06/2026 | **Memorandum** |
| | *Filed by Pltf* |
| 02/06/2026 | **Memorandum** |
| | *(Status Conference) Filed by Pltf* |
| 02/06/2026 | **Motion** |
| | *Filed by Pltf* |
| 02/06/2026 | **Motion** |
| | *Filed by Pltf* |
| 02/06/2026 | **Exhibits (Proposed)** |
| 02/06/2026 | **Motion** |
| | *Filed by pltf* |
| 02/06/2026 | **Exhibits (Proposed)** |
| 02/06/2026 | **Statement** |
| | *Filed by Pltf* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/09/2026 | **Certificate of Service** |
| | *Exhibits attached* |
| 02/18/2026 | **Order** |
| | *Status Conference scheduled for 2/19/26 is Canceled. See Orig. /s/ JBJ. Copies & 236 notice mld/dktd 2/18/26* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |
| | *Filed by Dft* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |
| | *Filed by Dft* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |
| | *Filed by Dft* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |
| | *Filed by Dft* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |
| | *Filed by Dft* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |
| | *Filed by Dft* |
| 02/23/2026 | **Answer - Reply - Response to Motion** |

| | | |
|---|---|---|
| | *Filed by Dft* | |
| 02/23/2026 | **Answer - Reply - Response to Motion** | |
| | *Filed by Dft* | |
| 02/23/2026 | **Answer - Reply - Response to Motion** | |
| | *Filed by Dft* | |
| 02/24/2026 | **Memorandum** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Memorandum** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Memorandum** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Answer - Reply - Response** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Certificate of Service** | |
| 02/24/2026 | **Correspondence** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Motion** | |
| | *Filed by Pltf. Exhibits Attached* | |
| 02/24/2026 | **Motion** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Motion** | |
| | *Filed by Pltf* | |
| 02/24/2026 | **Motion** | |
| | *Filed by Pltf* | |

---

## FINANCIAL INFORMATION

**Plaintiff** Missanelli, John S

| | | |
|---|---|---|
| Total Financial Assessment | | 809.25 |
| Total Payments and Credits | | 809.25 |
| **Balance Due as of 02/25/2026** | | **0.00** |

| Date | Transaction | Receipt | Party | Amount |
|---|---|---|---|---|
| 09/26/2025 | Transaction Assessment | | | 250.25 |
| 09/26/2025 | Counter Payment | Receipt # 2025-05721 | Missanelli, John S | (250.25) |
| 09/26/2025 | Transaction Assessment | | | 4.00 |
| 09/26/2025 | Counter Payment | Receipt # 2025-05722 | Missanelli, John S | (4.00) |
| 02/06/2026 | Transaction Assessment | | | 397.00 |
| 02/06/2026 | Counter Payment | Receipt # 2026-00700 | Missanelli, John S | (397.00) |
| 02/24/2026 | Transaction Assessment | | | 158.00 |
| 02/24/2026 | Counter Payment | Receipt # 2026-01021 | Missanelli, John S | (158.00) |

# EXHIBIT "J"

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*

*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
*Address:* 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address: 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
*Address:* 8810 Walnwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Walnwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
*Address:* 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name*: John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
*Address:* 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name*: John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440**, the **Lehigh County Local Rules**, and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address: 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address: 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address: 8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone: 267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

**CERTIFICATE OF SERVICE**

*Court of Common Pleas of Lehigh County, Pennsylvania*
*Civil Division*

I certify that on the date listed below, I served a true and correct copy of the foregoing filing upon all counsel and unrepresented parties of record in accordance with **Pa.R.C.P. 440,** the **Lehigh County Local Rules,** and the **Odyssey File & Serve** electronic filing system, which constitutes service on all registered users.

If any party is not a registered user of the electronic filing system, service was made by first-class mail, postage prepaid, or by another method authorized by Pa.R.C.P. 440.

**Served on:**

Stephen E. Hoffman
Firm Hoffman and Hlav
1605 N. Cedar Crest Blvd. Suite 509, Allentown, Pa. 18104
*Email:* shoffman@hhe-law.com

**Date:** February 9, 2026, at 0239 hours.

**Respectfully submitted,**
*Name:* John S. Missanelli, D.O.
Address:8810 Wainwright Road, Wyndmoor, Pa. 19038
Phone:267-368-2292
Email: jmissanelligrob@aol.com
*Attorney for Pro Se*
*PA Attorney ID No. N/A*

P-DM

**Supreme Court of Pennsylvania** Judicial Records, Civil Division, Lehigh County, PA

**Court of Common Pleas**
**Civil Cover Sheet**

_____ L _____ **County**

| | |
|---|---|
| 2025-C-3928  /s/DV | |
| *For Prothonotary Use Only:* | |
| Docket No: | |
| 2025-C-3928 | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint        ☐ Writ of Summons        ☐ Petition
☐ Transfer from Another Jurisdiction        ☐ Declaration of Taking

**Lead Plaintiff's Name:** John S. Missanelli

**Lead Defendant's Name:** Lehigh Valley Health Network

**Are money damages requested?** ☐ Yes  ☒ No

**Dollar Amount Requested:** (check one)
☐ within arbitration limits
☐ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☒ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney: _____

☒ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:
_____
_____

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____
_____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____
_____
☒ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
_____
☐ Other:
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____
☐ Zoning Board
☐ Other:
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:
_____
_____

*Updated 1/1/2011*

P-JW

FILED 11/25/2025 11:37 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928      /s/JB

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

| | | |
|---|---|---|
| JOHN S. MISSANELLI, | : | |
| | : | CASE NO.:   2025-C-3928 |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | ASSIGNED TO: |
| LEHIGH VALLEY HEALTH NETWORK, | : | Honorable J. Brian Johnson |
| | : | |
| Defendant | : | |

### DISCLOSURE REGARDING
### CODE OF JUDICIAL CONDUCT RULE 2.11

TO THE ATTORNEYS AND PARTIES:

DATE:  November 25, 2025

My wife, Kathleen M. Johnson ("Kathleen"), is a Registered Nurse and is employed as a Patient Navigator for the Post-Acute Care Coordination (PACC) at Lehigh Valley Hospital which is owned by Lehigh Valley Health Network, Inc.  Also, my daughter, Sarah E. Johnson ("Sarah"), is an Occupational Therapist and works per diem in various departments in the hospital.  Some of the parties in this case are, or may be owned by or affiliated with, Lehigh Valley Hospital ("LVH") and/or Lehigh Valley Health Network, Inc. ("LVHN").  Therefore, I make this Disclosure regarding Code of Judicial Conduct Rule 2.11 ("Disclosure"), which states in pertinent part:

**Rule 2.11. Disqualification.**

(A)    A judge shall disqualify himself...in any proceeding in which the judge's impartiality might reasonably be questioned,...

(C)    A judge subject to disqualification under this Rule ... may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the judge and court personnel, whether to waive

FILED 11/25/2025 11:37 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

disqualification.  If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding.  The agreement shall be incorporated into the record of the proceeding.

In Order to eliminate this issue, I could simply recuse myself from all cases in which LVH and/or LVHN, or an individual or entity owned by or affiliated with them, are parties.  However, under Rule 2.7 of the Code of Judicial Conduct, I have a responsibility to decide matters assigned to me.  The Court of Common Pleas of Lehigh County receives many cases in which LVH and/or LVHN, or an individual or entity owned by or affiliated with them, is a party, so a blanket recusal by me could violate Rule 2.7.

By making this Disclosure, I am not indicating that I am unable to be fair.  I know that I can and will be fair in this case.  My relationships with Kathleen and Sarah are not relationships specifically referenced in Rule 2.11 and may or may not meet the criteria of Rule 2.11.  However, I inform you of this in the interest of full disclosure and to provide each party and his/her/its attorneys with the opportunity to confer and make an informed decision as to whether or not they agree to waive any disqualification of me as the judge in this case.

Please review this Disclosure carefully and discuss it with your client/attorney.  Once you have done this, please complete and sign the attached *Response To Code of Judicial Conduct Rule 2.11 Disclosure*, file it with the Clerk of Judicial Records – Civil Division and fax a copy directly to Chambers at 610.871.2866.  If you indicate that you waive my disqualification, we will proceed with the case as usual.  If you indicate that you have questions, I will schedule a conference to answer any questions and discuss the issue.  If you indicate that you do not waive my disqualification, the case will be reassigned to another judge.

2

FILED 11/25/2025 11:37 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

Please file and fax your response within twenty (20) days of the date of this Disclosure.
If you do not file and fax your response within this time period, I will assume that you have
questions and will schedule a hearing to answer those questions.

BY: _____
J. Brian Johnson, P.J.

3

FILED 11/25/2025 11:37 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

### IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| **JOHN S. MISSANELLI,** | : | |
| | : | **CASE NO.:   2025-C-3928** |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **ASSIGNED TO:** |
| **LEHIGH VALLEY HEALTH NETWORK,** | : | **Honorable J. Brian Johnson** |
| | : | |
| **Defendant** | : | |

### RESPONSE TO DISCLOSURE REGARDING
### CODE OF JUDICIAL CONDUCT RULE 2.11

TO THE COURT:

I have received and reviewed myself and with my client/attorney, outside the presence of

the Judge or Court Personnel, the *Disclosure Regarding Code Of Judicial Conduct Rule 2.11*

("Disclosure") filed by Judge J. Brian Johnson on November 25, 2025.

My response to the *Disclosure* is:

_____    I waive any disqualification of Judge J. Brian Johnson in presiding over this case.

_____    I do not waive any disqualification of Judge J. Brian Johnson in presiding over this case.

_____    I have questions for Judge J. Brian Johnson about the Disclosure to which I need answers
before I can make a decision regarding any disqualification.


Date: _____          Signature: _____

                                     Printed Name: _____

                                              _____ Plaintiff or Counsel to Plaintiff

                                              _____ Defendant or Counsel to Defendant

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2025-C-3928                    Contract Employment Dispute - Discrimination

John S Missanelli
  - VS -
Lehigh Valley Health Network

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
12/3/2025.

## 236 NOTICE

Pursuant to Pa.R.Civ.P. § 236, notice is hereby given that an order, decree, or judgment

in the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE: All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

Lehigh Valley Health
Network

C/O Svetelana Ross Esquire
Department of Legal
Services
Three Center City
515 West Hamilton Street
Suite 200
Allentown PA 18101
~~8810 Wainwright Road~~
~~Wyndmoor PA 19038~~

John S Missanelli          jmissanelligrob@aol.com

1

CV15a

FILED 12/2/2025 11:15 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VN

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| John  S Missanelli | : NO: 2025-C-3928 |
| Plaintiff | : |
| | : ASSIGNED TO: |
| v. | : |
| | : JUDGE J. BRIAN JOHNSON |
| Lehigh Valley Health Network | : |
| Defendant | : |

**ORDER**

AND NOW, this 2nd day of December, 2025 a Status Conference ("STC") will be held before President Judge J. Brian Johnson on February 19, 2026 at 11:00 AM in Courtroom 1A of the Historic Lehigh County Courthouse, 501 West Hamilton Street, Allentown, Pennsylvania.

You, as counsel of record for a party or as a party who has no attorney, must attend and arrive 15 minutes prior to the above-scheduled time.  If you fail to attend, your case may be dismissed or you may waive your ability to be heard on important issues.  **Parties are required to submit a current fax number and e-mail address to the Clerk of Judicial Records, Civil Division when they file their Praecipe for Appearance.**

Dates for Trial, Pre-Trial Conference and case management will be established at the STC, so you must have access to your calendar at this conference for the subsequent 24 months.

Substitutes for trial counsel may appear, provided he or she is counsel of record and can speak fully on behalf of trial counsel, including committing to the above dates.

At the STC, you must present (DO NOT FILE OR SUBMIT IN ADVANCE) an original STC Memorandum, along with copies thereof for all opposing parties, not to exceed two (2) pages, setting forth the following:

1.    A concise statement of the facts;
2.    A statement of the legal basis for the cause of action or defense;
3.    The specific amount and/or relief you seek at trial;
4.    Your settlement demand/offer and the status of settlement negotiations.

Failure to comply with this Order may result in sanctions.

Please review the "Civil Pre-Trial And Trial Procedures For Cases Assigned To Judge J. Brian Johnson" posted online at: www.lccpa.org.

**BY THE COURT:**

**J. Brian Johnson**                          **P.J.**  /dmd

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2025-C-3928                         Contract Employment Dispute - Discrimination

John S Missanelli
  - VS -
Lehigh Valley Health Network

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
12/2/2025.

<u>236 NOTICE</u>

Pursuant to Pa.R.Civ.P. § 236, notice is hereby given that an order, decree, or judgment

in the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE:  All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

Lehigh Valley Health
Network

**C/O Svetelana Ross**
**Esquire Department of**
**Legal Services**
**Three Center City**
**515 West Hamilton Street**
**Suite 200**
**Allentown PA  18101**
~~8810 Wainwright Road~~
~~Wyndmoor PA  19038~~

John  S Missanelli               **jmissanelligrob@aol.com**

**VLN**

6

CV15a

P-VN

FILED 1/9/2026 11:22 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/DM

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
### CIVIL DIVISION

JOHN S. MISSANELLI,                       :
                                          :        NO.    2025-C-3928
                          Plaintiff       :
                                          :        CIVIL ACTION
                v.                        :
                                          :        ASSIGNED TO:
LEHIGH VALLEY HEALTH NETWORK,             :        The Honorable J. Brian Johnson
                                          :
                          Defendant       :

### O R D E R

AND NOW, this _9th_ day of January, 2026, after providing the parties with a Disclosure

Regarding Code Of Judicial Conduct Rule 2.11 ("Disclosure"), which was filed on November 25,

2025 and upon failure of Plaintiff and Defendant to file a Response To Disclosure Regarding Code

Of Judicial Conduct Rule 2.11 with the Clerk of Judicial Records within the time set forth in said

disclosure;

**IT IS ORDERED** that a Hearing on the issue of the Disclosure will be held on **January**

**20, 2026** at **9:00 a.m.** in Courtroom 1A of the Historic Lehigh County Courthouse, 501 West

Hamilton Street, Allentown, Pennsylvania.

                                   **BY THE COURT:**

                                   J. Brian Johnson, J.

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL COURT DIVISION

File No.: 2025-C-3928                    Contract Employment Dispute - Discrimination

John  S Missanelli
- VS -
Lehigh Valley Health Network

Copies of this Order were e-mailed/mailed to all counsel of record and pro se litigants on
1/9/2025

### 236 NOTICE

Pursuant to Pa.R.Civ.P. § 236, notice is hereby given that an order, decree, or judgment

in the above captioned matter has been entered.

Michelle Graupner
Clerk of Judicial Records

**NOTICE:  All parties and counsel must maintain correct and current contact information,
INCLUDING E-MAIL ADDRESSES, with the Clerk of Judicial Records Civil Division as
well as through E-File & Serve.**

✓ Lehigh Valley Health
Network

**C/O Svetelana Ross
Esquire Department of
Legal Services
Three Center City
515 West Hamilton Street
Suite 200
Allentown PA  18101**
~~8810 Wainwright Road~~
~~Wyndmoor PA  19038~~

John  S Missanelli          ✓ **jmissanelligrob@aol.com**

## DM

6

CV15a

FILED 1/19/2026 2:53 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION – LAW

JOHN S. MISSANELLI,                    :
                                       :
                    Plaintiff,         :
                                       :    No. 2025-C-3928
        v.                             :
                                       :
LEHIGH VALLEY HEALTH NETWORK           :    ASSIGNED TO THE HONORABLE
                                       :    J. BRIAN JOHNSON
                    Defendant.         :
                                       :

## ENTRY OF APPEARANCE

TO THE CLERK OF JUDICIAL RECORDS:

Please enter my appearance on behalf of Defendant, Lehigh Valley Health Network, in

the above-captioned matter.

HOFFMAN & HLAVAC

By:_*s/Steven E. Hoffman*_____
Steven E. Hoffman, Esquire
Attorney I.D. No. 63911
1605 N. Cedar Crest Blvd., Suite 509
Allentown, PA 18104
shoffman@hhe-law.com
Direct# 484-408-6002
Ph# 484-408-6001 Fax# 484-408-6018
*Attorneys for Defendant Lehigh Valley Health Network*

FILED 1/19/2026 2:53 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JB

## CERTIFICATE OF COMPLIANCE

I, Steven E. Hoffman, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: ___Steven E. Hoffman_____

Signature: ___/s/ *Steven E. Hoffman*_____

Name: _____Steven E. Hoffman_____

Attorney No. (if applicable): ___63911_____

FILED 1/19/2026 2:53 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION – LAW

JOHN S. MISSANELLI,

               Plaintiff,

      v.

LEHIGH VALLEY HEALTH NETWORK

             Defendant.

:
:
:
:
:
:
:
:
:
:
:
:

No. 2025-C-3928

ASSIGNED TO THE HONORABLE
J. BRIAN JOHNSON

## **CERTIFICATE OF SERVICE**

I, Steven E. Hoffman, Esquire, do hereby certify that on the 19th day of January 2026, a

true and correct copy of the foregoing Entry of Appearance was filed electronically with the

Court and has been served via first-class United States Mail and email upon:

John S. Missanelli, *Pro Se*
8810 Wainwright Road
Wyndmoor, PA 19038
jmissanelligrob@aol.com

HOFFMAN & HLAVAC

By:_ *s/Steven E. Hoffman*
      Steven E. Hoffman, Esquire
      Attorney I.D. No. 63911
      1605 N. Cedar Crest Blvd., Suite 509
      Allentown, PA 18104
      shoffman@hhe-law.com
      Direct# 484-408-6002
      Ph# 484-408-6001 Fax# 484-408-6018
      *Attorneys for Defendant Lehigh Valley Health
      Network*

FILED 1/20/2026 10:45 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VT

APPENDIX 1

Leh. R.J.A. 5101(9)

## Court of Common Pleas Of Lehigh County

### INDEX OF EXHIBITS

Case Caption: Missanelli v. LVHN

Case No(s).: 2025-C-3928                    Judge: Johnson

Type of Court Proceeding: Hearing

Name of Custodian: Brianna Seese Hanna

Dates of Court Proceeding:
1/20/2026

| Exhibit No. | Proponent | Description/Identification of Exhibit | Date Admitted | Date Not Admitted | RE[1] CD[2] CI[3] |
|---|---|---|---|---|---|
| C-1 | Court | Disclosure Regarding Code Of Judicial Conduct Rule 2.11 | 1/20/2026 | | |
| C-2 | Court | Response To Disclosure Regarding Code Of Judicial Conduct Rule 2.11 | 1/20/2026 | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

[1] Reproduced Exhibit
[2] Confidential Exhibit
[3] Confidential Information

Page 1 of 1

FILED 1/20/2026 10:45 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928 /s/VT

**IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | |
|---|---|
| JOHN S. MISSANELLI, | : |
| Plaintiff | : CASE NO.: 2025-C-3928 |
| | : |
| | : CIVIL ACTION |
| v. | : |
| | : ASSIGNED TO: |
| LEHIGH VALLEY HEALTH NETWORK, | : Honorable J. Brian Johnson |
| | : |
| Defendant | : |

**DISCLOSURE REGARDING**
**CODE OF JUDICIAL CONDUCT RULE 2.11**

TO THE ATTORNEYS AND PARTIES:

DATE: November 25, 2025

My wife, Kathleen M. Johnson ("Kathleen"), is a Registered Nurse and is employed as a

Patient Navigator for the Post-Acute Care Coordination (PACC) at Lehigh Valley Hospital which

is owned by Lehigh Valley Health Network, Inc. Also, my daughter, Sarah E. Johnson ("Sarah"),

is an Occupational Therapist and works per diem in various departments in the hospital. Some of

the parties in this case are, or may be owned by or affiliated with, Lehigh Valley Hospital ("LVH")

and/or Lehigh Valley Health Network, Inc. ("LVHN"). Therefore, I make this Disclosure

regarding Code of Judicial Conduct Rule 2.11 ("Disclosure"), which states in pertinent part:

Rule 2.11. Disqualification.

(A) A judge shall disqualify himself in any proceeding in which the judge's impartiality
might reasonably be questioned,....

(C) A judge subject to disqualification under this Rule ... may disclose on the record
the basis of the judge's disqualification and may ask the parties and their lawyers to
consider, outside the presence of the judge and court personnel, whether to waive

disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the judge or court personnel, that the judge should not be disqualified, the judge may participate in the proceeding. The agreement shall be incorporated into the record of the proceeding.

In Order to eliminate this issue, I could simply recuse myself from all cases in which LVH and/or LVHN, or an individual or entity owned by or affiliated with them, are parties. However, under Rule 2.7 of the Code of Judicial Conduct, I have a responsibility to decide matters assigned to me. The Court of Common Pleas of Lehigh County receives many cases in which LVH and/or LVHN, or an individual or entity owned by or affiliated with them, is a party, so a blanket recusal by me could violate Rule 2.7.

By making this Disclosure, I am not indicating that I am unable to be fair. I know that I can and will be fair in this case. My relationships with Kathleen and Sarah are not relationships specifically referenced in Rule 2.11 and may or may not meet the criteria of Rule 2.11. However, I inform you of this in the interest of full disclosure and to provide each party and his/her/its attorneys with the opportunity to confer and make an informed decision as to whether or not they agree to waive any disqualification of me as the judge in this case.

Please review this Disclosure carefully and discuss it with your client/attorney. Once you have done this, please complete and sign the attached *Response To Code of Judicial Conduct Rule 2.11 Disclosure*, file it with the Clerk of Judicial Records – Civil Division and fax a copy directly to Chambers at 610.871.2866. If you indicate that you waive my disqualification, we will proceed with the case as usual. If you indicate that you have questions, I will schedule a conference to answer any questions and discuss the issue. If you indicate that you do not waive my disqualification, the case will be reassigned to another judge.

2

FILED 1/20/2026 10:45 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VT

 

 

 

Please file and fax your response within twenty (20) days of the date of this Disclosure.

If you do not file and fax your response within this time period, I will assume that you have

questions and will schedule a hearing to answer those questions.


BY: _____

J. Brian Johnson, P.J.


3

FILED 1/20/2026 10:45 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VT

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
## CIVIL DIVISION

JOHN S. MISSANELLI,                           :
                                      :     **CASE NO.:   2025-C-3928**
            **Plaintiff**     :
                                        :     **CIVIL ACTION**
          **v.**     :
                                        :     **ASSIGNED TO:**
**LEHIGH VALLEY HEALTH NETWORK,**     :     **Honorable J. Brian Johnson**
                                        :
            **Defendant**     :

### RESPONSE TO DISCLOSURE REGARDING
### CODE OF JUDICIAL CONDUCT RULE 2.11

TO THE COURT:

        I have received and reviewed myself and with my client/attorney, outside the presence of

the Judge or Court Personnel, the *Disclosure Regarding Code Of Judicial Conduct Rule 2.11*

("Disclosure") filed by Judge J. Brian Johnson on November 25, 2025.

My response to the *Disclosure* is:

_____ I waive any disqualification of Judge J. Brian Johnson in presiding over this case.

_____ I do not waive any disqualification of Judge J. Brian Johnson in presiding over this case.

_____ I have questions for Judge J. Brian Johnson about the Disclosure to which I need answers
       before I can make a decision regarding any disqualification.


Date: _____          Signature: _____

                                      Printed Name: _____

                                      _____ Plaintiff or Counsel to Plaintiff

                                      _____ Defendant or Counsel to Defendant

FILED 1/20/2026 10:45 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/VT

## Robin ODonnell

| | |
|---|---|
| **From:** | no-reply@efilingmail.tylertech.cloud |
| **Sent:** | Tuesday, November 25, 2025 12:02 PM |
| **To:** | Robin ODonnell |
| **Subject:** | Accepted Filing Notification for Case No. 2025-C-3928 John S Missanelli    - VS - Lehigh Valley Health Network |

County of Lehigh Warning: This is an external email. Please exercise caution.



# Filing Accepted

Envelope Number: 950940
Case Number: 2025-C-3928
Case Style: John S Missanelli - VS -Lehigh Valley
Health Network

The filing below was reviewed and has been accepted by the clerk's office. You may access the file stamped copy of the document filed by clicking on the below link.

| Filing Details | |
|---|---|
| **Court** | Judicial Records |
| **Case Number** | 2025-C-3928 |
| **Case Style** | John S Missanelli - VS -Lehigh Valley Health Network |
| **Date/Time Submitted** | 11/25/2025 11:37 AM EST |
| **Date/Time Accepted** | 11/25/2025 12:01 PM EST |
| **Accepted Comments** | |
| **Filing Type** | EFile |
| **Filing Description** | |
| **Activity Requested** | Notice |
| **Filed By** | Robin O'Donnell |
| **Filing Attorney** | Court Filing |

| Document Details | |
|---|---|
| **Lead Document** | Missanelli-LVH disclosure 11-25-25.pdf |
| **Lead Document Page Count** | 4 |
| **File Stamped Copy** | Download Document |
| This link is active for 120 days. | |

If the link above is not accessible, copy this URL into your browser's address bar to view the document:
https://pennsylvania.tylertech.cloud/ViewDocuments.aspx?FID=62667018-6e9b-4507-a710-6d70d3d3a658

**Please Note:** If you have not already done so, be sure to add yourself as a service contact on this case in order to receive eService.

FILED 1/20/2026 10:45 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/VT
FILED 11/25/2025 11:37 AM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JB

## IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
### CIVIL DIVISION

JOHN S. MISSANELLI,                    :
                                       :
                    Plaintiff          :    **CASE NO.:    2025-C-3928**
                                       :
                                       :    **CIVIL ACTION**
          v.                           :
                                       :    **ASSIGNED TO:**
LEHIGH VALLEY HEALTH NETWORK,          :    Honorable J. Brian Johnson
                                       :
                    Defendant          :

### RESPONSE TO DISCLOSURE REGARDING
### CODE OF JUDICIAL CONDUCT RULE 2.11

TO THE COURT:

I have received and reviewed myself and with my client/attorney, outside the presence of

the Judge or Court Personnel, the *Disclosure Regarding Code Of Judicial Conduct Rule 2.11*

("Disclosure") filed by Judge J. Brian Johnson on November 25, 2025.

My response to the *Disclosure* is:

__X__    I waive any disqualification of Judge J. Brian Johnson in presiding over this case.

_____    I do not waive any disqualification of Judge J. Brian Johnson in presiding over this case.

_____    I have questions for Judge J. Brian Johnson about the Disclosure to which I need answers
before I can make a decision regarding any disqualification.

Date:    December 03, 2025            Signature:    _John S. Missanelli, D.O._____
                                                    John S. Missanelli, D.O.

                                     Printed Name:    _____

                                                    X
                                                    ____  Plaintiff or Counsel to Plaintiff

                                                    ____  Defendant or Counsel to Defendant



FILED 1/26/2026 5:24 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928     /s/JW

John S. Missanelli, D.O.
8810 Wainwright Road
Wyndmoor, Pa. 19038
267-368-2292
jmissanelligrob@aol.com
In Pro Se

CIVIL COURT OF THE STATE OF PENNSYLVANIA
COUNTY OF LEHIGH

| | | |
|---|---|---|
| John S. Missanelli, D.O. | ) | Case No.: 2025-C-3928 |
| Plaintiff | ) | |
| Pro Se | ) | Age Discrimination Litigation |
| | ) | Documents; Denial of Defendant's |
| | ) | Motion for Summary Judgement |
| V | ) | (PLAINTIFF'S CLAIM FOR AGE |
| | ) | DISCRIMINATION UNDER (PHRA), |
| | ) | 43 P.S.951 ET SEQ. AND (ADEA) |
| | ) | 29 U.S.C. 621ET SEQ.) |
| LVHN | ) | |
| Defendant | ) | Date: January 26, 2026 |

1

FILED 1/26/2026 5:24 PM,Clerk of Judicial Records, Civil Division, Lehigh County, PA
2025-C-3928    /s/JW

## ⑤ RESPONSE TO SUMMARY JUDGMENT (FULL BRIEF)

### I. Introduction

Defendant's Motion for Summary Judgment should be denied because genuine issues of material fact exist regarding discriminatory motive, pretext, and the falsity of Defendant's asserted reasons.

### II. Legal Standard

Summary judgment is inappropriate where reasonable minds could differ. Pennsylvania courts apply the McDonnell Douglas framework.

### III. Argument

#### A. Plaintiff Has Established a Prima Facie Case

All four elements are satisfied.

#### B. Defendant's Reasons Are Pretextual

Evidence includes:

- Inconsistencies
- Comparator treatment
- False allegations
- Temporal proximity
- Retaliatory conduct

#### C. Credibility Determinations for the Jury

Where motive and intent are disputed, summary judgment is disfavored.

#### D. Defendant's False Allegations Strengthen the Inference of Discrimination

The fabrication or exaggeration of allegations is classic evidence of pretext.

### IV. Conclusion

Defendant's motion should be denied in its entirety.

John S. Missanelli, D.O.
Plaintiff Pro Se
8810 Wainwright road, Wyndmoor, PA. 19038, 267-368-2292, jmissanelligrob@aol.com

8